No. ___ **CR-05 00215** JW HRL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FILED

2009 MAR 10 P 2: 35

*SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

## THE UNITED STATES OF AMERICA

### *vs.*

### SAMUEL S. FUNG and
### ERIC AARON LIGHTER

---

## THIRD SUPERSEDING INDICTMENT

| | |
|---|---|
| **Count One:** | 18: U.S.C. § 371 - Conspiracy to Defraud the United States; |
| **Counts Two -Twenty Three:** | 26: U.S.C. § 7206(2) - Aiding and Assisting in Preparation of False and Fraudulent Tax Returns; |
| **Count Twenty Four:** | 18: U.S.C. § 371 - Conspiracy to Commit Wire Fraud; |
| **Counts Twenty-Five -Thirty Two:** | 18: U.S.C. §§ 1343 and 2 - Wire Fraud; Aiding and Abetting; |
| **Count Thirty-Three:** | 18: U.S.C. § 371: - Conspiracy to Commit Blackmail and Witness Tampering; |
| **Count Thirty-Four - Thirty Six:** | 18: U.S.C. §§ 1512(b)(1) and 2 -Witness Tampering; Aiding and Abetting; |
| **Count Thirty Seven- Thirty Nine:** | 18 U.S.C. §§ 873 and 2 - Blackmail; Aiding and Abetting |

*A true bill.*

*Foreperson*

*Filed in open court this* __11th__ *day of* __**March**__

*A.D. 200*9

*United States Magistrate Judge*

*Bail. $* __Issue Summons__

1  JOSEPH P. RUSSONIELLO
United States Attorney
2

FILED

2009 MAR 10  P 2: 35

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL S. FUNG and<br>ERIC AARON LIGHTER,<br><br>Defendants. | No. CR 05-00215-JW<br><br>VIOLATIONS: 18 U.S.C. § 371<br>Conspiracy (Three Counts); 18 U.S.C.<br>§ 1343 - Wire Fraud (Eight Counts);<br>18 U.S.C. § 873 - Blackmail (Three<br>Counts); 18 U.S.C. § 1512(b)(1) - Witness<br>Tampering (Three Counts); 18 U.S.C. § 2 -<br>Aiding and Abetting (Fourteen Counts);<br>26 U.S.C. § 7206(2) - Aiding and Assisting<br>in Preparation of False and Fraudulent<br>Tax Returns (22 Counts)<br><br>SAN JOSE VENUE |

## THIRD  SUPERSEDING  INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

### INTRODUCTORY ALLEGATIONS

1.      The federal income tax system of the United States of America relies upon

citizens, including those individuals engaged in the profession of preparing income tax returns, to

truthfully, accurately, and timely report income and expense information to the Internal Revenue

4038000.11

1  Service, an agency of the United States within the Department of the Treasury of the United

2  States.

3       2.     Samuel S. Fung (hereinafter defendant FUNG) was a resident of San Jose,

4  California; he now resides in Medford, Oregon.

5       3.     Eric Aaron Lighter (hereinafter defendant LIGHTER) was a resident of Hawaii.

6       4.     National Trust Services, which had addresses in California, Oregon and Utah, was

7  an organization purporting to ~~prove~~ provide financial advice and services.

8       5.     Defendant Fung provided services for clients of National Trust Services, including

9  preparing tax returns under the business names Cortland Tax Management and Professional

10  Business Consultants, LLC.

11       6.     Credit Bureau International, Inc., Honolulu Inn, Inc. and Honolulu Rail and

12  Development, Ltd. were corporations controlled by defendant LIGHTER.

13       7.     Introductory Allegations paragraphs 1 through 6 are alleged in each of the

14  following Counts of the Superseding Indictment as though fully set forth therein.

15

16  **<u>Count 1</u>**

17  **CONSPIRACY TO DEFRAUD THE UNITED STATES – 18 U.S.C. § 371**
    **OBJECT OF THE CONSPIRACY**

18       8.     Beginning on or before August 2, 1997, and continuing thereafter up to and

19  through March 31, 2006, within the Northern District of California and elsewhere, defendants

20

21  SAMUEL S. FUNG and
    ERIC AARON LIGHTER

22  and others both known and unknown to the Grand Jury, unlawfully, knowingly and intentionally

23  combined, conspired, confederated, and agreed to defraud the United States by deceitful and

24  dishonest means by impeding, impairing, obstructing, and defeating the lawful government

25  functions of the Internal Revenue Service of the Department of the Treasury of the United States

26  of America, in the ascertainment, computation, assessment, and collection of federal income

27  taxes.

28

4038000.11

1

2

**MEANS BY WHICH THE OBJECT OF
THE CONSPIRACY WAS TO BE ACCOMPLISHED**

3    9.    Defendants and others both known and unknown to the Grand Jury carried out

4    their conspiracy through the following means, among others:

5    A.    Defendants FUNG and LIGHTER, and others, individually and jointly, for

6    themselves and on behalf of others, established fictitious business names through which they and

7    others purported to receive income and hold assets in order to defraud the United States of

8    America by attempting to conceal theirs and others' assets and income from the Internal Revenue

9    Service;

10    B.    Defendants FUNG and LIGHTER, and others prepared, and caused to be

11    prepared, false and fraudulent federal income tax returns;

12    C.    Defendant FUNG referred clients to defendant LIGHTER;

13    D.    Defendants FUNG and LIGHTER advised clients to establish, and helped

14    them establish, corporations;

15    E.    Defendant LIGHTER offered to conduct, conducted or caused to be

16    conducted financial transactions to hide assets from the Internal Revenue Service for his clients,

17    including clients shared with defendant FUNG;

18    F.    Defendants FUNG and LIGHTER provided false and fraudulent advice to

19    clients regarding the defendants' programs and practices;

20    G.    Defendant LIGHTER prepared false and fraudulent documents, including

21    but not limited to, fraudulent liens on clients' assets;

22    **OVERT ACTS**

23    10.    In furtherance of said conspiracy, and to effect the objects thereof, the following

24    overt acts, among others, were committed by members of the conspiracy in the Northern District

25    of California and elsewhere:

26    A.    On or about August 2, 1997, defendant FUNG signed a document

27    purporting to appoint a successor trustee to a trust of Dr. Irwin Gootnick (hereinafter Gootnick),

28

3

1    the Gootnick Family Trust.

2          B.     On or about April 1, 1998, defendant FUNG agreed to prepare both *established by*

3    personal income tax returns and trust tax returns for Gootnick, including the trusts previously ~~by~~

4    National Trust Services:  the Gootnick Family Trust; the Full Dimension Trust; and the Gootnick

5    Charitable Trust, which was later changed to Gootnick Charitable Trust, Inc. (hereinafter GCTI).

6          C.     On or about August 16, 2000, defendant FUNG signed on behalf of

7    National Trust Services a letter addressed to National Trust Services Trustees.

8          D.     In or about late 2003, defendant FUNG told Gootnick that the Internal

9    Revenue Service was aggressively pursuing, auditing, and penalizing individuals who set up

10   similar trusts.

11         E.     On or about March 2, 2004, defendant FUNG told Gootnick that defendant

12   LIGHTER could help resolve Gootnick's potential problems with the Internal Revenue Service,

13   and defendant FUNG gave Gootnick defendant LIGHTER's contact information.

14         F.     In or about early March 2004, defendant LIGHTER told Gootnick that

15   Gootnick's trusts were fake and that by using them, Gootnick had committed fraud, and

16   furthermore, that the Internal Revenue Service was vigorously and maliciously pursuing

17   individuals who used such trusts, often sending those individuals to prison or subjecting them to

18   excessive penalties and fines.

19         G.     In or about the middle of March 2004, defendant FUNG called Gootnick

20   to inform him that defendant LIGHTER required $10,000 in cash for defendant LIGHTER's

21   services.

22         H.     On or about March 24, 2004, defendant FUNG met with Gootnick to

23   receive the $10,000 cash payment.

24         I.     On or after March 24, 2004, defendant FUNG transferred $10,000 to

25   defendant LIGHTER;

26         J.     On or about April 3, 2004, defendant LIGHTER prepared a Mutual

27   Assignment of Stock that purported to grant defendant LIGHTER's interest in shares of

28

4

4038000.11

1   Hawaiian Colony Hotel Corporation stock to Gootnick in exchange for Gootnick granting

2   defendant LIGHTER shares of GCTI stock.

3           K.     On or about April 15, 2004, defendant LIGHTER prepared false tax

4   returns for Gootnick and GCTI, for the tax years 2000, 2001, 2002 and 2003.

5           L.     On or about October 8, 2004, defendant LIGHTER had a conversation

6   with Gootnick regarding GCTI.

7           M.     On or about October 14, 2004, defendant LIGHTER executed a "Real

8   Property Mortgage" from "GFT, by Eric Aaron LIGHTER, Its Trustee" to Honolulu Rail and

9   Development Ltd. in the amount of $350,000, and recorded this instrument with the City and

10   County of San Francisco Office of the Assessor-Recorder.

11           N.     On or about November 15, 2004, defendant LIGHTER executed a "Real

12   Property Mortgage" from "GFT, a California Trust, by and through its Trustee, Super Teaching

13   Corporation, a Hawaii Corporation" to Credit Bureau International, Inc., purportedly in

14   consideration of $1,500,000, and recorded this instrument with the City and County of

15   San Francisco Office of the Assessor-Recorder.

16           O.     On or about January 14, 2005, defendant LIGHTER, as President of

17   Honolulu Rail and Development Ltd., executed an "Assignment of Mortgage and Promissory

18   Note" from Honolulu Rail and Development Ltd. to Credit Bureau International, Inc., in the

19   amount of $1,500,000, and recorded this instrument with the City and County of San Francisco

20   Office of the Assessor-Recorder.

21           P.     In or about 1995, defendant FUNG agreed to prepare personal and trust tax

22   returns for Dr. Morris Brock (hereinafter Brock).

23           Q.     In or about March 2003, defendant FUNG referred Brock to defendant

24   LIGHTER.

25           R.     On or about March 28, 2003, defendant LIGHTER drafted documents

26   purporting to transfer Brock's assets to Hawaiian Colony Hotel Corporation.

27           S.     On or about March 28, 2003, defendant LIGHTER instructed Brock to not

28

4038000.11

1  refer to the transferred assets in any conversations with the Internal Revenue Service and to tell

2  the Internal Revenue Service that Brock did not own any assets.

3        T.     In or about 2003, defendant FUNG referred Jean-Paul Bourdier

4  (hereinafter Bourdier), a client for whom defendant FUNG prepared federal income tax returns,

5  to defendant LIGHTER.

6        U.     On or about October 23, 2003, defendants FUNG and LIGHTER caused

7  the filing Articles of Incorporation for Heart Mind Corporation with the State of Oregon,

8  identifying Bourdier and his wife as the incorporators.

9        V.     On or about October 29, 2003, defendant LIGHTER prepared a 2002

10  corporate income tax return for Heart Mind Corporation.

11        W.    On or about the dates set forth below, in the Northern District of

12  California, defendant FUNG prepared for presentation to the Internal Revenue Service, false and

13  fraudulent U.S. Income Tax Returns for Estates and Trusts, Forms 1041, for the taxpayers,

14  entities and calendar years specified:

|  | DATE | TAXPAYER(S) | ENTITY | YEAR |
|---|---|---|---|---|
| 1. | 10/23/00 | Dr. Morris Brock & Catherine Haney | B&B Trust | 1999 |
| 2. | 10/23/00 | Dr. Morris Brock & Catherine Haney | Insight Co. Trust | 1999 |
| 3. | 07/18/01 | Dr. Morris Brock & Catherine Haney | B&B Trust | 2000 |
| 4. | 07/19/01 | Dr. Morris Brock & Catherine Haney | Insight Co. Trust | 2000 |
| 5. | 01/06/03 | Dr. Morris Brock & Catherine Haney | B&B Trust | 2001 |
| 6. | 01/06/03 | Dr. Morris Brock & Catherine Haney | Insight Co. Trust | 2001 |
| 7. | 11/28/99 | Steve McKenzie | McKenzie Family Trust | 1998 |
| 8. | 11/28/99 | Steve McKenzie | McKenzie Family Resonance Trust | 1998 |
| 9. | 01/23/01 | Steve McKenzie | McKenzie Family Trust | 1999 |
| 10. | 01/22/01 | Steve McKenzie | McKenzie Family Resonance Trust | 1999 |
| 11. | 10/18/02 | Steve McKenzie | McKenzie Family Trust | 2000 |
| 12. | 10/18/02 | Steve McKenzie | McKenzie Family Resonance Trust | 2000 |

4038000.11

| 13. | 04/18/99 | William Garvey | Alpha Services Trust | 1998 |
| 14. | 04/18/99 | William Garvey | Dancing Bear Trust | 1998 |
| 15. | 04/15/99 | Ralph & Patricia Habura | RPH Management Trust | 1998 |
| 16. | 07/18/00 | Ralph & Patricia Habura | RPH Management Trust | 1999 |
| 17. | 04/16/01 | Ralph & Patricia Habura | RPH Management Trust | 2000 |
| 18. | 10/13/01 | Elaine Campbell | Springfield Trust | 2000 |
| 19. | 10/13/01 | Elaine Campbell | E & B Family Trust | 2000 |
| 20. | 04/15/01 | Jean-Paul Bourdier & Minh-Ha Trinh | MG Trust | 2000 |
| 21. | 04/15/01 | Jean-Paul Bourdier & Minh-Ha Trinh | Ninjaco Trust | 2000 |
| 22. | 04/15/01 | Jean-Paul Bourdier & Minh-Ha Trinh | Murdrachi Trust | 2000 |
| 23. | 04/28/02 | Jean-Paul Bourdier & Minh-Ha Trinh | MG Trust | 2001 |
| 24. | 04/28/02 | Jean-Paul Bourdier & Minh-Ha Trinh | Ninjaco Trust | 2001 |
| 25. | 04/28/02 | Jean-Paul Bourdier & Minh-Ha Trinh | Murdrachi Trust | 2001 |
| 26. | 04/15/99 | Donald & Mary Brockhage | The Maridon Trust | 1998 |
| 27. | 04/15/99 | Donald & Mary Brockhage | Brockhage Associated Trust | 1998 |
| 28. | 04/19/00 | Donald & Mary Brockhage | The Maridon Trust | 1999 |
| 29. | 04/18/00 | Donald & Mary Brockhage | Brockhage Associated Trust | 1999 |
| 30. | 04/15/99 | Riley & Joyce Pendergraft | NHUSS Trust | 1998 |
| 31. | 04/15/99 | Riley & Joyce Pendergraft | RJ Pendergraft Trust | 1998 |
| 32. | 04/15/99 | Riley & Joyce Pendergraft | In God We Trust | 1998 |
| 33. | 04/17/00 | Riley & Joyce Pendergraft | NHUSS Trust | 1999 |
| 34. | 04/17/00 | Riley & Joyce Pendergraft | RJ Pendergraft Trust | 1999 |
| 35. | 04/17/00 | Riley & Joyce Pendergraft | In God We Trust | 1999 |
| 36. | 04/16/01 | Riley & Joyce Pendergraft | NHUSS Trust | 2000 |
| 37. | 04/16/01 | Riley & Joyce Pendergraft | RJ Pendergraft Trust | 2000 |
| 38. | 04/16/01 | Riley & Joyce Pendergraft | In God We Trust | 2000 |

X.     On or about the dates set forth below, in the Northern District of California, defendant FUNG prepared for presentation to the Internal Revenue Service, false and fraudulent U.S. Corporation Income Tax Returns, Forms 1120, for the taxpayers, entities and

4038000.11

calendar years specified:

|   | DATE | TAXPAYER(S) | ENTITY | YEAR |
|---|------|-------------|--------|------|
| 1. | 08/10/03 | Elaine Campbell | Springfield, Inc. | 2001 |
| 2. | 08/10/03 | Elaine Campbell | E & B FT, Inc. | 2001 |
| 3. | 08/10/03 | Elaine Campbell | Springfield, Inc | 2002 |
| 4. | 08/10/03 | Elaine Campbell | E & B FT, Inc. | 2002 |
| 5. | 06/01/03 | Jean-Paul Bourdier & Minh-Ha Trinh | MG Inc. | 2002 |
| 6. | 11/17/03 | Jean-Paul Bourdier & Minh-Ha Trinh | Ninjaco, Inc. | 2002 |
| 7. | 06/01/03 | Jean-Paul Bourdier & Minh-Ha Trinh | Murdrachi, Inc | 2002 |

Y.     On or about the dates set forth in Counts 2 through 21, below, defendant

FUNG prepared for presentation to the Internal Revenue Service, false and fraudulent U.S.

Income Tax Returns, Forms 1040.

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THROUGH TWENTY-ONE (26 U.S.C. § 7206(2))

11.     On or about the dates set forth below, in the Northern District of California, the

defendant

SAMUEL S. FUNG

did willfully aid and assist in, and procure, counsel, and advise, the preparation and presentation

to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040, either

individual or joint, for the taxpayers and calendar years specified below, which, as defendant

FUNG well knew and believed, were false and fraudulent as to the material matters identified

below:

| COUNT | DATE | TAXPAYER | TAX YEAR | MATERIAL FALSE ITEM(S) |
|-------|------|----------|----------|------------------------|
| 2 | 04/17/00 | Eric Chamness | 1999 | Line 21 - $(6,416)<br>Sch. A, Line 18 - $35,424<br>Sch. A, Line 20 - $17,714 |
| 3 | 04/16/01 | Eric Chamness | 2000 | Line 12 - $(15,750)<br>Sch. A, Line 18 - $32,779<br>Sch. A, Line 20 - $21,907 |

4038000.11

| 4 | 04/15/02 | Eric Chamness | 2001 | Line 21 - $(6,040)<br>Sch. A, Line 18 - $71,164<br>Sch. A, Line 20 - $29,119<br>Sch. A, Line 22 - $10,000 |
| 5 | 05/17/01 | Shah Shahjahan | 1999 | Line 21 - $(45,500)<br>Sch. A, Line 18 - $35,619 |
| 6 | 10/22/00 | Dr. Morris Brock &<br>Catherine Haney | 1999 | Line 8a - $882<br>Line 9 -  $188<br>Line 12 - $0<br>Line 21 - $(696,070) |
| 7 | 07/18/01 | Dr. Morris Brock &<br>Catherine Haney | 2000 | Line 8a - $243<br>Line 9 -  $64<br>Line 12 - $0<br>Line 17 - $0 |
| 8 | 01/06/03 | Dr. Morris Brock &<br>Catherine Haney | 2001 | Line 8a - $66<br>Line 12 - $0<br>Line 17 - $0 |
| 9 | 11/02/99 | Steve McKenzie | 1998 | Line 12 - $0 |
| 10 | 01/23/01 | Steve McKenzie | 1999 | Line 12 - $0 |
| 11 | 10/16/01 | Steve McKenzie | 2000 | Line 12 - $760 |
| 12 | 04/15/99 | William & Joyce Garvey | 1998 | Line 9 -  $34<br>Line 12 - $(12,185)<br>Line 13 - $0 |
| 13 | 04/15/99 | Ralph & Patricia Habura | 1998 | Line 9 -  $0<br>Line 13 - $0<br>Line 17 - $(8,769) |
| 14 | 07/18/00 | Ralph & Patricia Habura | 1999 | Line 9 -  $0<br>Line 13 - $0<br>Line 17 - $0 |
| 15 | 04/15/01 | Ralph & Patricia Habura | 2000 | Line 8a - $2<br>Line 9 -  $31<br>Line 17 - $0 |
| 16 | 10/23/01 | Elaine Campbell | 2000 | Line 8a -  $8,828<br>Line 9 -  $0<br>Line 13 - $(1,106)<br>Line 21 - $(306,522) |
| 17 | 08/13/03 | Elaine Campbell | 2001 | Line 8a -  $1,891<br>Line 9 -  $0<br>Line 13 - $0 |
| 18 | 08/16/03 | Elaine Campbell | 2002 | Line 8a -  $12<br>Line 9 -  $0<br>Line 13 - $0 |

4038000.11

| 19 | 04/16/01 | Jean-Paul Bourdier & Minh-Ha Trinh | 2000 | Sch. A, Line 10 - $87,774 |
| 20 | 04/28/02 | Jean-Paul Bourdier & Minh-Ha Trinh | 2001 | Line 9 -  $0<br>Sch. A, Line 10 - $95,612 |
| 21 | 06/03/03 | Jean-Paul Bourdier & Minh-Ha Trinh | 2002 | Line 9 -  $11<br>Sch. A, Line 10 - $76,477 |

All in violation of Title 26, United States Code, Section 7206(2).

COUNTS TWENTY-TWO AND TWENTY-THREE (26 U.S.C. § 7206(2))

12.    On or about the dates set forth below, in the Northern District of California, the defendant

SAMUEL S. FUNG

did willfully aid and assist in, and procure, counsel, and advise, the preparation and presentation to the Internal Revenue Service, of joint U.S. Individual Income Tax Returns, Forms 1040, for the taxpayers and calendar years specified below, which, as defendant FUNG well knew and believed, were false and fraudulent as to the material matters identified below:

| COUNT | DATE | TAXPAYER | TAX YEAR | MATERIAL FALSE ITEM(S) |
|---|---|---|---|---|
| 22 | 04/15/99 | Donald & Mary Brockhage | 1998 | Line 8a - $230<br>Line 9 -  $0<br>Line 12 - $3,385 |
| 23 | 04/17/00 | Donald & Mary Brockhage | 1999 | Line 8a - $162<br>Line 9 -  $0<br>Line 12 - $1,374 |

All in violation of Title 26, United States Code, Section 7206(2).

COUNT TWENTY-FOUR: (18 U.S.C. § 371 – Conspiracy to Commit Wire Fraud)

13.    Beginning on or about March 25, 2003, and continuing thereafter up to and through March 10, 2006, within the Northern District of California and elsewhere, defendants

SAMUEL S. FUNG and
ERIC AARON LIGHTER

did unlawfully, willfully, and knowingly combine, conspire, confederate and agree among

10

4038000.11

1    themselves to commit wire fraud, in violation of Title 18, United States Code Section 1343.

2

3    **MEANS BY WHICH THE OBJECT OF**
     **THE CONSPIRACY WAS TO BE ACCOMPLISHED**

4        14.    Defendants and others both known and unknown to the Grand Jury carried out

5    their conspiracy through the following means, among others:

6             A.    Defendant FUNG referred clients to defendant LIGHTER;

7             B.    Defendants FUNG and LIGHTER purported to fight the Internal Revenue

8    Service on behalf of clients;

9             C.    Defendants FUNG and LIGHTER advised clients to establish, and helped

10   them establish, corporations;

11            D.    Defendant LIGHTER offered to conduct, conducted or caused to be

12   conducted financial transactions to hide assets from the Internal Revenue Service for his clients,

13   including clients shared with Defendant FUNG;

14            E.    Defendants FUNG and LIGHTER provided false and fraudulent advice to

15   clients that the programs promoted by defendants were legal;

16            F.    Defendant LIGHTER purported to exchange clients' interests in their

17   businesses for interests in defendant LIGHTER'S businesses;

18            G.    Defendant LIGHTER prepared false and fraudulent documents, including

19   but not limited to, fraudulent liens on client assets;

20            H.    Defendants FUNG and LIGHTER threatened to and did make disclosures

21   to law enforcement agencies in retaliation to clients not acquiescing in defendants' actions.

22            I.    Defendants FUNG and LIGHTER transmitted and caused to be

23   transmitted wire communications.

24   **OVERT ACTS**

25        15.    In furtherance of said conspiracy, and to effect the objects thereof, the following

26   overt acts, among others, were committed by members of the conspiracy in the Northern District

27   of California and elsewhere:

28

11

$R^w$ Overt

1      A.      ~~Overt~~ Acts D through O, and Q through V from Count One, Conspiracy to

2   Defraud, are incorporated as though fully set out herein.

3      B.      On or about the dates set forth in Counts 25 through 32, below, defendants

4   FUNG and LIGHTER did use or cause to be used the wire transmissions identified.

5      All in violation of Title 18, United States Code, Section 371.

6

7   COUNTS TWENTY-FIVE THROUGH THIRTY-TWO: (18 U.S.C. §§ 1343 and 2 –Wire
    Fraud; Aiding and Abetting)

8      16.    On or about the dates set forth below, in the Northern District of California, the

9   defendants

10
                              SAMUEL S. FUNG and
11                            ERIC AARON LIGHTER

12  did knowingly devise or participate in a scheme or plan to defraud, or a scheme or plan for

13  obtaining money or property by means of materially false or fraudulent pretenses,

14  representations, or promises with the intent to defraud; and in advancing or carrying out the

15  scheme, the defendants used, or caused to be used, the wires in that the defendants participated in

16  a scheme to obtain money and property from the individuals identified below by means of

17  materially false or fraudulent pretenses, representations, or promises with the intent to defraud,

18  and in doing so the defendants did and did aid and abet the same, knowingly cause to be

19  delivered by wire communications in interstate commerce the following items:

20

| Count | Date of Wire | Description of Item Transmitted By Wire |
|-------|--------------|------------------------------------------|
| 25 | 04/08/03 | West Coast Credit and Development, Inc. Articles of Incorporation wired to Brock |
| 26 | 04/11/03 | Document stating unreported income on trusts wired to Brock |
| 27 | 09/23/03 | $5,500 transmitted by Bourdier |
| 28 | 10/14/04 | $33,000 transmitted by Gootnick |
| 29 | 10/21/04 | $150,000 transmitted by Gootnick |
| 30 | 10/22/04 | $200,000 transmitted by Gootnick |
| 31 | 10/27/04 | $90,000 transmitted by Gootnick |

28

4038000.11

| 32 | 11/18/04 | $20,000 transmitted by Gootnick |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**INTRODUCTORY ALLEGATIONS COMMON TO COUNTS 33 THROUGH 39**

17.    On or about April 12, 2005, the grand jury sitting in the Northern District of California returned a 49-count indictment alleging that defendant FUNG aided and assisted the preparation and presentation of false and fraudulent tax returns.

18.    On or about May 18, 2005, Gootnick and his wife filed a verified complaint against defendant LIGHTER in the Superior Court of the State of California asserting two causes of action.  This state court action was subsequently removed to the United States District Court for the Northern District of California.

COUNT THIRTY-THREE:  (18 U.S.C. § 371: Conspiracy to Commit Blackmail and Witness Tampering)

19.    Beginning on or about March 2, 2006 and continuing until on or about April 30, 2006, in the Northern District of California, the defendants

SAMUEL S. FUNG and
ERIC AARON LIGHTER

knowingly entered into a criminal agreement with one another and possibly others to obstruct justice by committing blackmail and by knowingly attempting to persuade a witness to provide false testimony or to withhold evidence with the intent to influence, delay, or prevent the witness's testimony in an official proceeding and that an overt act was committed by one of the conspirators for the purpose of carrying out the conspiracy, in violation of Title 18, United States Code Sections 873 and 1512(b)(1).

**MEANS BY WHICH THE OBJECT OF
THE CONSPIRACY WAS TO BE ACCOMPLISHED**

20.    Defendant FUNG pressured Gootnick to provide false, favorable testimony in favor of defendant FUNG in defendant FUNG's then pending criminal case, and attempted to convince Gootnick to dismiss the civil case against defendant LIGHTER.

13

4038000.11

1    21.    Defendant FUNG and LIGHTER threatened to and did provide information to the

2  Internal Revenue Service regarding tax crimes allegedly committed by Gootnick.

3    22.    Defendant FUNG and LIGHTER communicated with Gootnick and with each

4  other by telephone to achieve their ends.

5                                    OVERT ACTS

6    23.    In furtherance of the conspiracy and to effect the objects thereof, the following

7  overt acts were committed in the Northern District of California and elsewhere:

8           A.    On or about March 2, 2006, during a telephone call, defendant FUNG

9  threatened Gootnick.

10          B.    On or about March 3, 2006, during a telephone conversation that began at

11  approximately 5:00 p.m., defendant FUNG stated that "the government is deciding whether

12  they're going to prosecute you criminally," and suggested that Gootnick should drop his lawsuit

13  against defendant LIGHTER.

14          C.    On or about March 3, 2006, at approximately 5:25 p.m., defendant FUNG

15  telephoned defendant LIGHTER.

16          D.    On or about March 3, 2006, during a telephone conversation that began at

17  approximately 5:30 p.m., defendant FUNG stated that defendant LIGHTER would "cancel the

18  bankruptcy" and "would testify for us instead of against us" if Gootnick dropped the lawsuit.

19          E.    On or about March 3, 2006, at approximately 5:33 p.m., defendant FUNG

20  telephoned defendant LIGHTER.

21          F.    On or about March 3, 2006, at approximately 5:35 p.m., defendant FUNG

22  telephoned Gootnick and stated if Gootnick dropped his lawsuit against defendant LIGHTER,

23  defendant LIGHTER would "drop the bankruptcy" and would not turn over documents to the

24  government that could send Gootnick to jail.

25          G.    On or about March 10, 2006, during a telephone conversation with

26  Gootnick that began at approximately 2:55 p.m., defendant FUNG stated that Gootnick could

27  either be defendant FUNG's friend or his enemy.  Later in the conversation, defendant FUNG

28

                                        14                          4038000.11

1  stated that defendant LIGHTER possessed five boxes of evidence which, if provided to the

2  Internal Revenue Service or the California Franchise Tax Board, could result in Gootnick's being

3  criminally charged with tax evasion.

4          All in violation of Title 18, United States Code, Section 371.

5

6  COUNT THIRTY-FOUR:  (18 U.S.C. §§ 1512(b)(1) and 2 –Witness Tampering; Aiding and
   Abetting)

7          24.     On or about March 2, 2006, in the Northern District of California, the defendants

8
                            SAMUEL S. FUNG and
9                           ERIC AARON LIGHTER

10  knowingly attempted to intimidate, threaten, and corruptly persuade Gootnick with the intent to

11  influence or prevent Gootnick's testimony in an official proceeding, in that the defendants

12  threatened that Gootnick would go to jail for tax evasion if Gootnick testified for the government

13  in the criminal trial against defendant FUNG.

14          All in violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

15

16  COUNT THIRTY-FIVE: (18 U.S.C. §§ 1512(b)(1) and 2 –Witness Tampering; Aiding and
   Abetting)

17          25.     On or about March 3, 2006, in the Northern District of California, the defendants

18
                            SAMUEL S. FUNG and
19                          ERIC AARON LIGHTER

20  knowingly attempted to intimidate, threaten, and corruptly persuade Gootnick with the intent to

21  influence or prevent Gootnick's testimony in an official proceeding, in that the defendants

22  threatened that Gootnick would go to jail for tax evasion if Gootnick testified for the government

23  in the criminal trial against defendant FUNG.

24          All in violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

25

26  COUNT THIRTY-SIX: (18 U.S.C. §§ 1512(b)(1) and 2 –Witness Tampering; Aiding and
   Abetting)

27
            26.     On or about March 10, 2006, in the Northern District of California, the defendants
28

                                            15

1

2
SAMUEL S. FUNG and<br>ERIC AARON LIGHTER

3  knowingly attempted to intimidate, threaten, and corruptly persuade Gootnick with the intent to

4  influence or prevent Gootnick's testimony in an official proceeding, in that the defendants

5  threatened that Gootnick would go to jail for tax evasion if Gootnick testified for the government

6  in the criminal trial against defendant FUNG.

7      All in violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

8

9  <u>COUNT THIRTY-SEVEN</u>: (18 U.S.C. §§ 873 and 2 –Blackmail; Aiding and Abetting)

10      27.    On or about March 2, 2006, in the Northern District of California, the defendants

11

12
SAMUEL S. FUNG and<br>ERIC AARON LIGHTER

13  threatened to expose a violation of federal law in exchange for a thing of value in that the

14  defendant FUNG threatened to report Gootnick to the Internal Revenue Service for tax evasion in

15  order to persuade Gootnick to dismiss his civil suit against defendant LIGHTER.

16      All in violation of Title 18, United States Code, Sections 873 and 2.

17

18  <u>COUNT THIRTY-EIGHT</u>: (18 U.S.C. §§ 873 and 2 –Blackmail; Aiding and Abetting)

19      28.    On or about March 3, 2006, in the Northern District of California, the defendants

20

21
SAMUEL S. FUNG and<br>ERIC AARON LIGHTER

22  threatened to expose a violation of federal law in exchange for a thing of value in that the

23  defendant FUNG threatened to report Gootnick to the Internal Revenue Service for tax evasion in

24  order to persuade Gootnick to dismiss his civil suit against defendant LIGHTER.

25      All in violation of Title 18, United States Code, Sections 873 and 2.

26

27  <u>COUNT THIRTY-NINE</u>: (18 U.S.C. §§ 873 and 2 –Blackmail; Aiding and Abetting)

28

16

29.     On or about March 10, 2006, in the Northern District of California, the defendants

SAMUEL S. FUNG and
ERIC AARON LIGHTER

threatened to expose a violation of federal law in exchange for a thing of value in that the

defendant FUNG threatened to report Gootnick to the Internal Revenue Service for tax evasion in

order to persuade Gootnick to dismiss his civil suit against defendant LIGHTER.

All in violation of Title 18, United States Code, Sections 873 and 2.

A True Bill

_____
FOREPERSON

Dated: _3/11/09_

JOSEPH P. RUSSONIELLO
United States Attorney

BRIAN STRETCH
Chief, Criminal Section

Approved as to Form

BLAKE D. STAMM
Assistant United States Attorney

17

4038000.11

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

— OFFENSE CHARGED —

See attachment

☐ Petty
☐ Minor
☒ Misde-meanor
☒ Felony

PENALTY:

See attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

— DEFENDANT - U.S. — ~~2009 MAR 10 P 2: 35~~

▶ SAMUEL S. FUNG and ERIC AARON LIGHTER ~~RICHARD W. WIEKING~~
CLERK
DISTRICT COURT NUMBER U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.
CR-05-00215-JW

— PROCEEDING —
Name of Complaintant Agency, or Person (&Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on JOSEPH P. RUSSONIELLO
THIS FORM
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) BLAKE D. STAMM, AUSA, TAX DIV.

— DEFENDANT —

IS **NOT** IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges        } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes ☐ No  } If "Yes" give date filed

DATE OF ARREST  ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY  ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT   Bail Amount: cont. condition of release

If Summons, complete following:
☒ Arraignment ☒ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
Jerry Yee Fong
Carey & Carey
P.O. Box 1040
Palo Alto, CA 94302-1040

Jack Dennis Gordon
Law Office Jack Gordon
95 S. Market St., #300
San Jose, CA 95113

Date/Time: March 16, 2009 at 11:00 am

Before Judge: Magistrate Judge Howard R. Lloyd

Comments:

Attachment to Third Superseding Indictment Penalty Sheet
SAMUEL S. FUNG and ERIC AARON LIGHTER
No. CR-05-00215-JW

18 U.S.C. § 371 - Conspiracy (Three Counts)

- 5 years prison
- $250,000 fine
- 3 years supervised release
- $100 special assessment

18 U.S.C. § 1343 - Wire Fraud (Eight Counts)

- 20 years prison
- $250,000 fine
- 3 years supervised release
- $100 special assessment

18 U.S.C. § 873 - Blackmail (Three Counts)

- 1 year prison
- $100,000 fine
- 1year supervised release
- $25 special assessment

18 U.S.C. § 1512(b)(1) - Witness Tampering (Three Counts)

- 10 years prison
- $250,000 fine
- 3 years supervised release
- $100 special assessment

26 U.S.C. § 7206(2) - Aiding and Assisting in Preparation of False and Fraudulent of False Tax
Returns (Twenty-Two Counts)

- 3 years prison
- $250,000 fine
- 1 years supervised release
- $100 special assessment