MELINDA HAAG (CABN 132612)
United States Attorney
BLAKE D. STAMM (CTBN 301887)
Assistant United States Attorney
CHARLES A. O'REILLY (CABN 160980)
Trial Attorney
 11th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California  94102
 Telephone:  (415) 436-7063
 Fax:           (415) 436-7009
 Email:        Blake.D.Stamm2@usdoj.gov
                  Charles.A.O'Reilly@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMUEL FUNG and ) <br> ) <br> ERIC AARON LIGHTER, ) <br> ) <br> Defendants. ) <br> ) | No. CR-05-215-EJD <br><br> NOTICE OF INTENT TO INTRODUCE <br> AND USE EXPERT TESTIMONY |

COMES NOW the United States of America, by and through, Blake D. Stamm, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant U.S. Attorney, Tax Division, hereby gives notice of the following opinion/expert testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).  The indictment charges defendant Fung with aiding and assisting in preparing false income tax returns in violation of 26 U.S.C. § 7206(2), and defendants Fung and Lighter with conspiracy to defraud the United States, conspiracy to commit wire fraud, conspiracy to commit blackmail and witness tampering, and wire fraud and witness tampering, in violation of Title 18, United States Code Sections 371, 873, 1343 and 1512(b).  The government's evidence is expected to consist of more than 10,000 pages of documentary

1    evidence, 15 witnesses, and the trial is expected to last ten days.

2    As alleged in Count 1 of the pending indictment, as part of defendants' conspiracy to
3    impair, impede and obstruct lawful functioning of the Internal Revenue Service (IRS), defendant
4    Fung prepared for submission to the Internal Revenue Service, 38 false and fraudulent U.S.
5    Income Tax Returns for Estates and Trusts, Forms 1041.

## NOTICE

The United States intends to introduce expert and testimony in the prosecution of the above-referenced matter, calling Internal Revenue Service Revenue Agent Kristin Emminger either in the government's case-in-chief or in rebuttal. The resume of Revenue Agent Emminger is attached. Ms. Emminger has been a Revenue Agent since 1989 and is trained in taxation and accounting. Her experience and expertise makes her particularly well qualified to offer expert testimony relating to the pending tax charges. She has testified as an expert witness in the prosecution of abusive trust promotions, like the one charged in this case, and has conducted training on the issue for tax practitioners and IRS agents.

The Federal Rules of Evidence authorize the use of a summary expert witness if it "will assist the trier of fact to understand the evidence or to determine a fact in issue ..." Fed.R. Evid. 702. The Ninth Circuit has consistently approved the use of summary expert witnesses in criminal tax prosecutions. *See United States v. Marchini*, 797 F.2d 759, 766 (9th Cir. 1986) (approving of the testimony an IRS summary expert that was based on evidence adduced at trial, which included the testimony of the previous witnesses and the governments's exhibits). Expert testimony by an Internal Revenue Service agent that expresses an opinion as to the proper tax consequence of a transaction is admissible evidence. *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980) (the court has wide discretion to admit Internal Revenue Service expert testimony).

In addition, summary testimony is admissible if it will "make the interrogation and presentation effective for the ascertainment of the truth . . . ." Fed. R. Evid. 611(a); *see also United States v. Olano*, 62 F.3d 1180, 1203-04 (9th Cir. 1995) (permitting summary witness in a fraud case). As noted above, the evidence in this case is voluminous and potentially complex..

Notice of Intent to Introduce and Use
Expert Testimony
Case No. CR-05-215-EJD            2

1  Because of the voluminous nature and possible complexity of this case, expert testimony relating
2  to the evidence in this case will aid the jury in understanding the evidence.
3      Expert testimony on this issue would be necessary only if the defendants attempt to assert
4  that the abusive trust promotion was legitimate. The government proffers that the expert's
5  experience and training would allow her to testify regarding the nature of trusts, how trusts are
6  appropriately used, and that the program promoted by National Trust Services was an abusive
7  trust promotion that walked clients into civil, and sometimes criminal, consequences.

## **CONCLUSION**

9      Given Revenue Agent Emminger's qualifications, and the fact that the proposed
10 testimony both relevant and will assist the trier of fact, the United States gives notice of its intent
11 to elicit her expert testimony at trial.

                                  Respectfully submitted,

                                  MELINDA HAAG
                                  United States Attorney

                                 */s/ Blake D. Stamm*
                                  BLAKE D. STAMM
                                  Assistant United States Attorney
                                  Tax Division

Notice of Intent to Introduce and Use
Expert Testimony
Case No. CR-05-215-EJD          3