MELINDA HAAG (CAB 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BLAKE D. STAMM (CTB 301887)
Assistant United States Attorney
CHARLES A. O'REILLY (CAB 160980)
KATHERINE L. WONG (CAB 264056)
Trial Attorneys

11th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone:   (415) 436-7063
Facsimile:    (415) 436-6748
Email:         Charles.A.O'Reilly@usdoj.gov
                   Blake.D.Stamm2@usdoj.gov
                   Katherine.Wong@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00215-EJD |
| Plaintiff, | |
| v. | UNITED STATES PRETRIAL CONFERENCE STATEMENT |
| SAMUEL S. FUNG and ERIC AARON LIGHTER, | Pretrial Conference: September 19, 2011<br>Time: 1:30 p.m.<br>Courtroom: Hon. Edward J. Davila |
| Defendants. | |

Pursuant to Criminal Local Rule 17.1-1(b) and the Court's Order Regarding Pretrial Preparation, the United States submits its Pretrial Conference Statement.

I.   **BRIEF OVERVIEW OF THE CASE**

Defendants Samuel S. Fung and Eric Aaron Lighter are charged in the third superseding indictment with conspiring to impede and impair the United States, conspiring to commit wire fraud,

1  conspiring to commit blackmail and witness tampering, and eight counts of wire fraud, three counts
2  of witness tampering, and three counts of blackmail.  In addition, Defendant Fung is charged with
3  twenty-two counts of aiding and assisting in the preparation and presentation of false and fraudulent
4  federal income tax returns.
5       From as early as August of 1997, and continuing up to and into 2003, Defendant Fung and
6  other individuals associated with National Trust Services (hereinafter NTS), conspired to defraud the
7  United States by the sale of an abusive trust program, and through the preparation of false and
8  fraudulent tax returns derived from the abusive trust program.  The IRS began taking action against
9  NTS and NTS clients through examinations and audits as early as 1999.  As early as June of 2002,
10 Defendant Lighter joined the conspiracy to impede and impair the assessment and collection of
11 federal income taxes, promising NTS clients that he could hide their assets in order to protect the
12 clients from the assessment and collection of taxes.  Defendants Fung and Lighter continued their
13 conspiracy to defraud the United States up to and through March of 2006, when they attempted to
14 convince Dr. Irwin Gootnick to testify favorably for Defendant Fung in his criminal prosecution, and
15 to drop a civil lawsuit that Dr. Gootnick had filed against Defendant Lighter.
16      In addition to seeking to defraud the United States with respect to federal taxes, Defendants
17 Fung and Lighter conspired to commit wire fraud with respect to individuals affilated with NTS.  To
18 that end, Defendants told their clients that if the clients paid them money and transferred assets into
19 Defendant Lighter's control, Defendants Fung and Lighter could assist them in avoiding taxes,
20 penalties, and interest.  Furthermore, Defendants Fung and Lighter attempted to blackmail a witness,
21 Dr. Gootnick, into testifying favorably for Defendant Fung in a criminal prosecution and dropping a
22 civil lawsuit that Dr. Gootnick had brought against Defendant Lighter.
23
24 **(1)**    Disclosure and Contemplated Use of Statements or Reports of Witnesses Under the <u>Jencks Act</u>, Title 18, United States Code Section 3500, and Federal Rule of Criminal Procedure 26.2
25      The United States has provided all discoverable statements to the defendants pursuant to
26 Title 18, United States Code Section 3500 and Federal Rule of Criminal Procedure 26.2.
27
28


**(2) Disclosure and Contemplated Use of Grand Jury
Testimony of Witnesses Intended To Be Called at Trial**

The United States has disclosed all grand jury testimony of witnesses intended to be called at trial.

**(3) Disclosure of Exculpatory or Other Evidence Favorable
to the Defendants on the Issue of Guilt or Punishment**

The United States has disclosed all known exculpatory evidence or other evidence favorable to the defendants on the issue of guilt and punishment.

**(4) Stipulations of Facts Which May Be Deemed Proved at the Trial
Without Further Proof by Either Party and Limitation of Witnesses**

The United States and Defendants will be conferring to determine whether there are any facts to which the parties will stipulate and whether the parties may be able to stipulate to the authenticity of any exhibits, thereby avoiding the necessity of calling custodial or other witnesses.

**(5) Appointment by the Court of Interpreters Under Federal Rule of Criminal Procedure 28**

No interpreters are required.

**(6) Dismissal of Counts and Elimination From the Case of
Certain Issues, e.g., Insanity, Alibi and Statute of Limitations**

The defendants have raised no defense based upon insanity, alibi or statute of limitations.

**(7) Joinder Pursuant to Federal Rule of Criminal Procedure 13
or Severance of Trial as to Any Co-Defendant**

Defendants' previous motions for severance were denied by this Court by orders dated March 10, 2008, and January 13, 2010. There are currently no motions for severance outstanding.

**(8) Identification of Informers, Use of Lineup or Other Identification Evidence
and Evidence of Prior Convictions of Defendants or Any Witness, Etc.**

No identifications by informers, use of a lineup or other identification evidence of that nature will be used in this case. None of the witnesses nor Defendant Fung have any discoverable prior convictions. However, Defendant Fung was permanently enjoined from preparing tax returns by

1 order dated February 9, 2004 in *United States v. Fung*, 03-cv-3123-CO (D.Or. 2004).

2 On October 23, 2003, Defendant Lighter entered a plea of no contest to Theft in the 2nd
3 Degree, in violation of Hawaii Statute Section 708-831(1)(b), H.R.S. Defendant Lighter also has
4 several older criminal items, including two citations for contempt of court from 1987 and 1993.

5
6 **(9)** Pretrial Exchange of List of Witnesses Intended To Be Called in Person or by Deposition to Testify at Trial, Except Those Who May be Called Only for Impeachment or Rebuttal

7 The United States will provide a list of witnesses intended to be called to testify in its
8 case-in-chief.

9

10 **(10)** Pretrial Exchange of Documents, Exhibits, Summaries, Schedules,
 Models or Diagrams Intended to be Offered or Used at Trial, Except
11 Materials That May be Used Only for Impeachment or Rebuttal

12 The United States will provide documents, exhibits, summaries, schedules and diagrams
13 intended to be offered or used at trial in their respective cases-in-chief no later than two weeks prior
14 to the Pretrial Conference. Unless stipulations are reached ahead of trial, the summary charts
15 provided will be drafts of the final summary charts because these charts cannot be finalized prior to
16 the introduction of evidence at trial.

17

18 **(11)** Pretrial Resolution of Objections to Exhibits or Testimony To Be Offered at Trial
19 To the extent possible, the United States will raise objections to exhibits and proposed
20 testimony to be offered at trial prior to the commencement of trial.

21

22 **(12)** Preparation of Pretrial Briefs on Controverted Points of Law Likely To Arise at Trial
23 The United States will submit a trial brief covering controverted points of law likely to arise
24 at trial no later than one week prior to the commencement of trial.

25

26 **(13)** Scheduling of the Trial and of the Witnesses
27 The United States is unaware of any scheduling issues. To the extent possible, the United
28 States will submit a trial schedule, including likely witness order, no later than the day of jury

*United States' Pretrial Conference Statement*
*Case No. 05-215-EJD* 4

selection.

**(14)** Request To Submit Questionnaire For Prospective Jurors Pursuant To Criminal Local Rule 24-1, Voir Dire Questions, Exercise of Peremptory and Cause Challenges and Jury Instructions

The United States will submit its proposed questionnaires for prospective jurors pursuant to Criminal Local Rule 24-1 and voir dire questions no later than ten days prior to the Pretrial Conference, as directed by the Court.

**(15)** Any Other Matter Which May Tend To Promote a Fair and Expeditious Trial

The United States is unaware of any additional matters, but will raise any other matter which may tend to promote a fair and expeditious trial at the soonest practicable time.

    Respectfully submitted,
    MELINDA HAAG
    United States Attorney

    */s/ Blake D. Stamm*
    BLAKE D. STAMM
    Assistant U.S. Attorney

    */s/ Charles A. O'Reilly*
    CHARLES A. O'REILLY
    Trial Attorney

    */s/ Katherine L. Wong*
    KATHERINE L. WONG
    Trial Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jerry Y. Fong, Esq.
Carey & Carey
P.O. Box 1040
Palo Alto, CA 94302-1940
jf@careyandcareylaw.com

Counsel for Eric Aaron Lighter


Peter Alan Leeming, Esq.
Attorney at Law
108 Locust St. Suite 7
Santa Cruz, CA 95062
paleeming@sbcglobal.net

Counsel for Samuel S. Fung

                                          */s/ Charles A. O'Reilly*
                                          CHARLES A. O'REILLY
                                          Trial Attorney