1  MELINDA HAAG (CAB 132612)
   United States Attorney
2
   MIRANDA KANE (CAB 150630)
3  Chief, Criminal Division

4  BLAKE D. STAMM (CTB 301887)
   Assistant United States Attorney
5  CHARLES A. O'REILLY (CAB 160980)
   KATHERINE L. WONG (CAB 264056)
6  Trial Attorneys

7   11th Floor Federal Building
    450 Golden Gate Avenue, Box 36055
8   San Francisco, California 94102
    Telephone:   (415) 436-7063
9   Facsimile:   (415) 436-6748
    Email:       Charles.A.O'Reilly@usdoj.gov
10               Blake.D.Stamm2@usdoj.gov
                 Katherine.Wong@usdoj.gov
11
   Attorneys for the United States of America
12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                         SAN JOSE DIVISION

17

18  UNITED STATES OF AMERICA,          )
                                       )   No. CR 05-00215-EJD
19           Plaintiff,                )
                                       )
20      v.                             )   UNITED STATES' MOTION IN LIMINE
                                       )   REGARDING DEFENDANTS'
21  SAMUEL S. FUNG and ERIC AARON      )   "EVIDENCE," ARGUMENT, AND
    LIGHTER,                           )   "GOOD FAITH" DEFENSE
22                                     )
             Defendants.               )
23                                     )
    _____   )
24

25        The United States, by and through Melinda Haag, United States Attorney, Blake D. Stamm,

26  Assistant United States Attorney, Charles A. O'Reilly and Katherine Wong, Trial Attorneys for the

27  United States Department of Justice, Tax Division, hereby file this Motion in Limine regarding

28

*United States' Motion in Limine Regarding Defendants'*
*"Evidence," Argument, and "Good Faith" Defense*
*Case No. 05-215-EJD*

1  defendants' "evidence," argument, and "good faith" defense, and respectfully requests that the Court

2  preclude defendants Samuel S. Fung and Eric Aaron Lighter from presenting at trial "evidence" or

3  legal arguments, documentary or testimonial, that are irrelevant, would confuse the jury, or would

4  invade the province of the Court to instruct the jury on the law.

5

6  **I.     INTRODUCTION**

7          Based on the documents and pleadings submitted by the defendants in this case and in other

8  litigation in which defendants participated, the government anticipates that the defendants may

9  attempt to present evidence regarding "beliefs" that defendants currently hold or previously held.

10  These beliefs are incorrect statements of the law, and may include, *inter alia*:

11      (1)     that the Internal Revenue laws and/or the Sixteenth Amendment to the United States
                Constitution are unconstitutional and invalid, such that the Internal Revenue Service
12              ("IRS") lacks jurisdiction;[1]

13      (2)     that business receipts, salaries, wages, or commissions are not income or that the
                Internal Revenue laws and/or the Sixteenth Amendment do not allow for the direct
14              taxation of these items;[2]

15      (3)     that the filing of income tax returns is voluntary and not mandatory;[3]

16      (4)     that the supposed taxpayers who the defendants are alleged to have assisted are not
                "persons," "individuals," or "citizens" within the meaning of the statute that imposes
17              an obligation to file a return or pay tax on "any person" meeting the necessary

18

19

_____

20      [1] Arguments that the Sixteenth Amendment is invalid have been held absurd and frivolous. *See,
    e.g.*, *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989) (imposing sanctions against a defense attorney for
21  assertion of frivolous arguments about the 16th Amendment); *see also United States v. Sitka*, 845 F.2d
    43, 47 (2d Cir. 1988); *United States v. Buckner*, 830 F.2d 102, 103-04 (7th Cir. 1987); *United States v.*
22  *Porth*, 426 F.2d 519, 523 (10th Cir. 1970) (holding that the Sixteenth Amendment allows federal taxes
    to be levied, and allegations to the contrary farfetched and frivolous).

23
        [2] Section 61 of the Internal Revenue Code states that "gross income means all income from
24  whatever source derived," including business receipts.  26 U.S.C. § 61.  The Supreme Court has
    repeatedly reaffirmed the "broad" nature of this definition. *Scheleir v. Comm'r*, 515 U.S. 323, 327-28
25  (1995); *Helvering v. Clifford*, 309 U.S. 331, 334 (1940).

26      [3] Courts have held that the filing of income tax returns is not voluntary. *Wilmer v. Comm'r*, 848
    F.2d 1007, 1008 (9th Cir. 1988); *Carter v. Comm'r*, 784 F.2d 1006, 1009 (9th Cir. 1986); *United States*
27  *v. Gerard*, 999 F.2d 1255, 1256 (8th Cir. 1993).  Evidence that the tax system is voluntary has been
    excluded.  *United States v. Hurd* 549 F.2d 118, 120 (9th Cir. 1977).

28

1    requirements;[4]

2    (5)    that the taxpayers who the defendants are alleged to have assisted are not subject to
            federal income taxes because they are "sovereign" citizens of a particular state;[5]

3

4    (6)    that Title 26 of the U.S. Code is not "law."[6]

5        The government also anticipates that the defendants may seek to make arguments to the jury

6    unrelated to their beliefs that are contrary to law.  Admission of such evidence would increase the

7    likelihood of juror confusion, without being probative of defendants' state of mind or conduct.  The

8    government anticipates that the defendants may seek to present the following arguments that are

9    contrary to law:

10   (1)    arguments for jury nullification;

11   (2)    that venue cannot lie in the Northern District of California;

12   (3)    that the IRS notices and forms violate the Paperwork Reduction Act;

13   (4)    that the United States District Court for the Northern District of California does not
            have jurisdiction over criminal offenses enumerated in the Internal Revenue Code.

14   **II.    BACKGROUND**

15       The Indictment charges that Defendants Fung and Lighter conspired with other individuals to

16   defraud the United States by impeding and impairing the ability of the IRS to ascertain, compute,

17   assess, and collect federal income taxes owed by others, in violation of Title 18, United States Code

18   Section 371.   The Indictment further charges Defendants Fung and Lighter with conspiracy to

19

20   _____

21   [4] Courts have held this argument to be "frivolous," "fatuous," and "obviously incorrect."  *See,
     e.g.*, *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981); *see also United States v. Karlin*, 785
22   F.2d 90, 91 (3d Cir. 19886); *Biermann v. Comm'r*, 769 F.2d 707 (11th Cir. 1985).  Similar arguments
     that the defendant is an "individual," and thus not a "taxpayer" have also been rejected. *See, e.g.*, *United
23   States v. Hanson*, 2 F.3d 942, 945 (9 Cir. 1993); *United States v. Studley*, 783 F.2d 934, 937 n.3d (9th
     Cir. 1986); *United States v. Lovell*, 755 F.2d 517, 519 (7th Cir. 1984).

24   [5] This argument that a person is not subject to federal law because he is a "sovereign" of a
25   particular state, and not a citizen of the United States, has been consistently rejected by the courts. *See,
     e.g.*, *United States v. Hooper*, 76 F.3d 389 n.1 (1995); *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989);
26   *Carter v. Comm'r*, 784 F.2d 1006, 1009 (9th Cir. 1986); *United States v. Jagim*, 978 F.2d 1032 (8th Cir.
     1992); *see also United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999).

27   [6] This contention has been consistently rejected as frivolous.  *See, e.g.*, *Ryan v. Bilby*, 764 F.2d
28   1325, 1328 (9th Cir. 1985).

commit wire fraud; conspiracy to commit blackmail and witness tampering; wire fraud; blackmail, and witness tampering, in violation of Title 18, United States Code Sections 371, 1342, 873, 1512(b)(1) & (2), respectively.  Defendant Fung is also alleged to have willfully aided and assisted in the preparation and presentation of individual or joint federal income tax returns, which Fung knew were false and fraudulent in material respects, in violation of Title 26, United States Code 7206(2).

Defendants Fung and Lighter helped to establish fictitious business names, through which they and others received income and held assets in an attempt to defraud the United States by concealing others' assets and income from the IRS, and thus illegally eliminate others' income tax liabilities.  Both purported to fight the IRS on behalf of their clients.  In furtherance of this conspiracy, Defendant Lighter offered to conduct, or caused to be conducted, financial transactions to hide assets from the IRS for his clients.  Defendants Fung and Lighter also prepared false and fraudulent documents, including documents which fraudulently encumbered their clients' assets.

The elements of conspiracy are (1) an agreement to defraud the United States; (2) the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and (3) one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.  18 U.S.C. § 371; Ninth Circuit Model Jury Instructions, 8.21 (2010).

Both defendants are charged with conspiracy to commit wire fraud and blackmail, as well as the substantive offenses of wire fraud and blackmail.  The elements of wire fraud are: (1) the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud; and (4) defendant used, or caused to be used, the wires to carry out or attempt to carry out an essential part of the scheme.  Ninth Circuit Model Jury Instructions, 8.121, 8.122 and 8.124 (2010) (comment); United States v. Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000).

Defendant Fung is charged with aiding or advising in the preparation of a false income tax return, in violation of Title 26, United States Code Section 7206(2).  The elements are: (1) willfully

assisting, advising or counseling the persons referred to in the  indictment in the preparation of an income tax return that was false; (2) the income tax return was false as to any material matter necessary to a determination of whether income tax was owed; (3) the return was filed with the IRS; and (4) the defendant acted willfully.  26 U.S.C. § 7206(2); Ninth Circuit Model Jury Instructions, 9.40 (2010) (modified); *United States v. Dahlstrom*, 713 F.2d 1423, 1426-27 (9th Cir. 1983).

The government anticipates that the central issue that defendants' evidence and argument will address is willfulness.   Willfulness is the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991).

## III.   ARGUMENT

### A.   Defendants Should Be Precluded from Offering "Evidence" or Argument That Is Irrelevant and Would Invade the Court's Province of Instructing the Jury on the Law

A criminal defendant does not have a constitutional right to present evidence that is not relevant and not material to his defense.  The Federal Rules of Evidence not only govern the admission of evidence, but also prevent inadmissible evidence from being suggested to the jury. Fed. R. Evid. 103(c).  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence."  Fed. R. Evid. 401.  Even if arguably relevant, evidence should nevertheless be excluded if the Court finds that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

By the same turn,  what the law is – or should be – is not for the parties to present as "evidence" or argument to the jury.  *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974), *abrogated on other grounds*, *United States v. Powell*, 955 F.2d 1206, 1212 n.2 (9th Cir. 1992); *United States v. Malquist*, 791 F.2d 1399, 1402 (9th Cir. 1986).  Only the Court may instruct the jury the law.  Reserving this province to judge prevents the confusion that would arise from

1   having legal material introduced as evidence and then argued as to what the law is or ought to be.

2   Juries only decide facts, to which they apply the law as given to them by the judge.  Because the jury

3   may not decide what the law is, it is proper to preclude introduction of "evidence" or argument that

4   would give them the opportunity to do so.  "Obviously, it would be most confusing to a jury to have

5   legal material introduced as evidence and then argued as to what the law is or ought to be." *Cooley*,

6   501 F.2d at 1254.

7
8   **B.   Defendants Should Be Precluded From Presenting "Evidence" or Argument as to What the Law Should Be**

9       Criminal tax defendants are entitled to prevent a good faith defense to willfulness.  Not all

10  evidence, however, is relevant to that defense.  As with other defenses, evidence that is irrelevant to

11  the issue is properly excluded as irrelevant.  Willfulness is defined as the "voluntary, intentional

12  violation of a known legal duty."  *Cheek v. United States*, 498 U.S. 192, 201-203 (1991).

13  Accordingly, the government must show that the defendant was fully aware of the existence of the

14  tax obligation to the government that he sought to avoid (or help others avoid).  *United States v.*

15  *Bishop*, 291 F.3d 1100, 1106-07 (9th Cir. 2002); *United States v. Conforte*, 624 F.2d 869, 875 (9th

16  Cir. 1980).

17      [C]arrying this burden requires negating a defendant's claim of ignorance of the law or a
        claim that because of a misunderstanding of the law, he had a good-faith belief that he was
18      not violating any of the provisions of the tax law. This is so because one cannot be aware that
        the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe
19      that the duty does not exist.

20  *Cheek*, 498 U.S. at 202.

21      For example, a good faith defense to willfulness would be a mistaken belief by the defendant

22  that the law allowed certain deductions or did not require tax to be paid on certain income.  To be

23  relevant to a defense to willfulness then, the evidence must relate to whether defendant knew he had

24  a legal duty.  *Cheek*, 498 U.S. at 202; *United States v. Hancock*, 231 F.3d 557, 562-63 (9th Cir.

25  2000).   A good-faith defense requires the defendant to show that he "in fact ha[d] some 'belief.'"

26  *United States v. Trevino*, 419 F.3d 896, 901 (9th Cir. 2005).

27      In contrast, a defendant's "views about the <u>validity</u> of the tax statutes are irrelevant to the

28

*United States' Motion in Limine Regarding Defendants'*
*"Evidence," Argument, and "Good Faith" Defense*
*Case No. 05-215-EJD*                    6

1   issue of willfulness [and] need not be heard by the jury," regardless of "whether the claims of

2   invalidity are frivolous or have substance." *Cheek*, 111 S. Ct. at 205-06 (emphasis added); *United*

3   *States v. Romero*, 640 F.2d 1014, 1016-17 (9th Cir. 1981).   For example, arguments or evidence

4   proving that it was reasonable for a defendant to believe he should not have a duty should be

5   excluded as irrelevant, because such evidence only proves the reasonableness of a defendant's

6   disagreement with the law, not the defendant's knowledge (or lack thereof) of his duty.   Similarly,

7   evidence about what the defendants thought or thinks the law should be, as well as evidence about

8   defendants' current or prior views on the constitutionality and validity of the tax laws, are irrelevant

9   and should be excluded.   *Romero*, 640 F.2d at 1016-17.

10

11   **C.      "Evidence" and Argument Regarding the Constitutionality or Validity of Tax**
         **Laws Are Irrelevant**

12

13        Defendants should be precluded from presenting evidence and argument regarding the

14   constitutionality or validity of tax laws or the Sixteenth Amendment.   Because a mere disagreement

15   with the tax laws is not a defense to any of the charges in the indictment, defendants' views

16   regarding the constitutionality or validity of these laws is irrelevant.   *Cheek*, 498 U.S. at 202-03.

17   Specifically, in *Cheek*, the Supreme Court held that "a defendant's views about the validity of the tax

18   statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and if they are, an

19   instruction to disregard them would be proper."   *Id.* at 206; *see also United States v. Hurd*, 549 F.2d

20   118, 120 (9th Cir. 1997) (holding that the trial court did not abuse its discretion by excluding

21   evidence that the tax system was voluntary).

22        By granting this motion, the Court will prevent defendants from transforming legal argument

23   into a forum for disseminating defendant's personal views.

24

25   **D.      Testimony or Documents With Inaccurate Interpretations of the Tax Laws**
         **Should Be Excluded As Irrelevant Unless They Were Relied Upon by the**
         **Defendants**

26

27        Testimony or documents with inaccurate interpretations of the tax laws should be excluded

28   unless they are offered for a permissible purpose.   Because mistake or ignorance of the law is a

1  defense to willfulness, evidence related to what a defendant believed the law to be is relevant and

2  admissible.  *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992).

3          In this case, the government anticipates that the defendants will attempt to offer evidence of

4  willfulness consisting of case law, statutes, regulations, treatises, pamphlets, brochures, and other

5  documents.   These materials are potentially problematic because they may be introduced for a

6  proper purpose — i.e., to prove defendant's understanding of the law or what he perceived it to be —

7  or for an improper purpose — to prove what defendant thought the law is or should be.   Therefore,

8  before putting on evidence of the defendants' legal "beliefs," defendants should be required to make

9  a precise and persuasive showing regarding the type of belief they seek to prove.  In particular,

10  defendants should be required to show that the evidence they seek to introduce is relevant, namely,

11  to showing their belief of what the law was.  This specific showing should be required with respect

12  to all aspects of any good faith defense, including documentary evidence, testimony of the

13  defendants, case law, testimony of "experts," and cross-examination of government witnesses.

14          **E.        Defense Must Show Actual Reliance on Any Corroborative Evidence Offered**

15          In support of their good faith defense, defendants in criminal tax trials often seek to bolster

16  their testimony about their legal beliefs with corroborative evidence.  Such evidence may include tax

17  protestor declarations or newsletters, court opinions, statutes, and testimony of "expert" witnesses or

18  "counsel."  These "expert" witnesses may offer testimony or opinions regarding inaccurate

19  interpretations of the tax laws, while "counsel" may claim to have advised the defendants on the law.

20  Although this evidence contains inaccurate statements of the law, it is arguably relevant because it

21  shows how the defendant came to hold his mistaken belief.

22          Not all corroborative evidence, however, has the same probative value: the probative value

23  will depend on the extent to which the defendant <u>actually relied</u> on the evidence in arriving at his

24  incorrect view of the law.   Before such corroborative evidence is admitted, defendants should be

25  required to lay a proper foundation establishing their personal reliance on the evidence; because the

26  question for the jury is what the defendants believed the law to be, the defendants must show a nexus

27  between the evidence they seek to admit and the beliefs they claim to have held.

28

If the defendants fail to lay a proper foundation establishing their reliance, the corroborative evidence should be excluded as irrelevant and unnecessarily confusing.  *Powell*, 955 F.2d at 1214; *see also Malquist*, 791 F.2d 1399 (9th Cir. 1986).  Further, it is improper for defendants to raise such issues by cross examining government witness about their interpretations of the tax laws.  *United States v. Poschwatta*, 829 F.2d 1477, 1482 (9th Cir. 1987), *overruled on other grounds*, *see Powell,* 936 F.2d 1056,1064 n.3 (1991); *Cooley*, 501 F.2d at 1253 (holding that the court acts as the jury's sole source of the law).

## F.      Corroborative Evidence Should Be Excluded If the Probative Value Is Outweighed by the Likelihood of Confusion

Even if defendants are able to establish that they relied upon the types of "evidence" discussed above, the Court must still weigh its probative value against the substantial likelihood of confusion.  Fed. R. Evid. 403.  Particularly with regards to evidence purporting to interpret the tax laws or a taxpayers' obligations pursuant to those laws, there is a high likelihood that the materials will mislead or confuse the jury.  Accordingly, the majority of courts to have addressed this issue have limited presentation of a good faith defense to the defendant's testimony and the defendant's limited quotation of materials upon which the defendant claims to have relied.  *See, e.g., United States v. Ness*, 652 F.2d 890, 893 (9th Cir. 1981); *United States v. Caplette*, 930 F.2d 29 (9th Cir. 1991)*; United States v. Stafford*, 983 F.2d 25, 27-28 (5th Cir. 1993); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992); *United States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991); *United States v. Willie*, 941 F.2d 1384, 1398 (10th Cir. 1991); *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987); *United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985); *United States v. Kraeger*, 711 F.2d 6, 7-8 (2d Cir. 1983).

As in these cases, here the Court should weigh the competing interest and determine whether, to what extent, and in what form, any legal materials upon which the defendants claim to have relied should be admitted.  Fed. R. Evid. 403; *see also Cooley*, 501 F.2d at 1253-54.   Relevant considerations include: (1) the centrality of these materials to the defendants' claimed misunderstanding of the tax laws; (2) the length of the materials; (3) the potential for jury confusion created by the materials; (4) the degree to which such materials are cumulative of defendants'

testimony or other evidence; (5) the extent to which the defendants may be attempting to use the materials to instruct the jury on the law or to propagate tax protester beliefs; and (6) the potential efficacy of limiting instructions.  *See Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1301 n.3; *Willie*, 941 F.2d at 1395.

**G.    Limiting Instructions Should Be Given If The Defendants Interject Such Evidence or Argument at Trial in the Jury's Presence**

If any of the above "evidence" or argument are interjected into the proceedings, the Court should immediately give the jury a limiting instruction.   The instruction should: (1) inform the jury that they have heard testimony regarding the defendant's understanding of what the law was; (2) instruct the jury as to the correct state of the law; (3) remind the jury that the Court is the sole arbiter of the law; (4) inform the jury that the evidence is being offered solely for the purpose of showing the defendant's state of mind and not to prove the actual requirements of the law.  *See Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1300; *Hairston*, 819 F.2d at 973 n.4.

**IV.    SPECIFIC MATTERS SUBJECT TO THE MOTION IN LIMINE**

At this time, the government does not know the specific materials that may be irrelevant to the proceedings, would confuse the jury, or would interfere with the Court's duty to instruct the jury on the law.

Based on the cases and arguments herein, the government respectfully requests that the Court grant its motion in limine, and limit the defense presentation of legal "evidence" and argument as follows:

1)    Evidence of what the defendants thought the law should be.

No mention whatsoever should be made of these beliefs.  This prohibition should apply to all aspects of the defense case, including, without limitation: testimony of the defendants; cross-examination of the government witnesses; admission or reference to materials, documents, or other tangible evidence; testimony of defense "expert" witnesses or counsel; and statements made in opening and closing.

2)      The following arguments: the tax laws are unconstitutional; the IRS forms and notices violate the Paperwork Reduction Act; business receipts, salaries, wages or commissions are not income; the filing of income tax returns is voluntary; the United States District Court for the Northern District of California does not have jurisdiction over the crimes alleged in this indictment; venue cannot lie within the Northern District of California.

No mention whatsoever should be made of these beliefs.

3)      <u>Evidence of what the defendants thought the law was.</u>

Prior to such evidence being offered or mentioned before the jury, the defense should be required to approach the court outside the presence of the jury.  At that time, the defense must make a showing of great specificity regarding the type of evidence sought to be admitted.

- <u>Materials and tangible documents:</u> Before mentioning or quoting from such materials, the defense should be required to place the defendant on *voir dire*, outside the presence of the jury, to make the requisite showing of actual reliance by the defendant on the proffered material in defendant's forming a misunderstanding of the requirements of the tax laws.

- <u>Expert testimony:</u> No defense expert testimony should be allowed regarding the meaning, requirements, or reasonableness of the tax laws.  A showing of actual reliance by the defendant must be made before any "expert" advice that defendant received can be addressed in opening or closing statements, mentioned, or testified to by the defendant.

- <u>Cross-examination:</u> The defense may not cross-examine any government witnesses about the legal meaning or interpretation of any provision of law.

1    **V.     CONCLUSION**

2          For the forgoing reasons, the government respectfully requests that this Court

3    preclude the defendants from presenting the "evidence" or arguments discussed above.

4

5                                                    Respectfully submitted,
                                                     MELINDA HAAG
6                                                    United States Attorney

7                                                     _/s/ Blake D. Stamm_
                                                     BLAKE D. STAMM
8                                                    Assistant U.S. Attorney

9                                                     _/s/ Charles A. O'Reilly_
                                                     CHARLES A. O'REILLY
10                                                   Trial Attorney

11                                                    _/s/ Katherine L.Wong_
                                                     KATHERINE L. WONG
12                                                   Trial Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 6th day of September 2011, I electronically transmitted

3

the foregoing document to the Clerk of Court using the ECF system for filing and

4

transmittal of a Notice of Electronic Filing to the following ECF registrants:

5

6

Jerry Y. Fong, Esq.
Carey & Carey
P.O. Box 1040

7

Palo Alto, CA 94302-1940
jf@careyandcareylaw.com

8

Counsel for Eric Aaron Lighter

9

10

11

Peter Alan Leeming, Esq.
Attorney at Law
108 Locust St. Suite 7

12

Santa Cruz, CA 95062
paleeming@sbcglobal.net

13

Counsel for Samuel S. Fung

14

15

16

/s/ Charles A. O'Reilly

17

CHARLES A. O'REILLY
Trial Attorney

18

19

20

21

22

23

24

25

26

27

28

*United States' Motion in Limine Regarding Defendants'*
*"Evidence," Argument, and "Good Faith" Defense*
*Case No. 05-215-EJD*          13