JERRY Y. FONG, ESQ. (SBN 99673)
CAREY & CAREY
706 COWPER STREET
P.O. BOX 1040
PALO ALTO, CA 94302-1040
650/328-5510
650/853-3632 fax
jf@careyandcareylaw.com

Attorneys for DEFENDANT ERIC LIGHTER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMUEL S. FUNG and ERIC AARON LIGHTER,<br><br>    Defendants. | CASE NO.   CR 05-00215-EJD<br><br>DEF. ERIC LIGHTER'S MOTION TO REQUEST A CONTINUANCE OF TRIAL IN LIGHT OF CO-DEFENDANT SAM FUNG'S GUILTY PLEA & INTENT TO COOPERATE AND TESTIFY AGAINST LIGHTER AT TRIAL, WITH SUPPORTING MEMO OF P&A AND ATTORNEY DECLARATION.<br><br>Date:      September 19, 2011<br>Time:     1:30 p.m.<br>Judge:    Hon. Edward J. Davila |

I.

MOTION FOR CONTINUANCE OF TRIAL

By this motion, including the supporting memorandum of points and authorities and declaration, Defendant Eric Lighter moves the Court for an order continuing the trial which is scheduled to commence on October 3, 2011. The reason for this immediate motion is that, yesterday, Mr. Lighter's counsel just learned that Mr. Lighter's co-defendant (and alleged co-conspirator), Sam Fung, had just entered a guilty plea and, as part of that plea, has agreed to cooperate fully with the Government in the upcoming trial against Mr. Lighter, including testifying against Mr. Lighter.

1    The requested continuance is necessary in order for Mr. Lighter to adequately re-configure his entire defense because not only will he now need to conduct an investigation into Mr. Fung's actions or omissions in order to properly impeach Mr. Fung's anticipatory inculpatory testimony against Mr. Lighter, but Mr. Lighter will now need to re-assess and re-design his cross-examination of the three key victim-witnesses expected to testify against Mr. Lighter (Irwin Gootnick, Jean-Paul Bourdier, and the surviving spouse of Morris Brock).

In short, this news is truly a "game-changer" for Mr. Lighter's defense.  First, since the beginning of this case, Mr. Lighter, through his counsel, has coordinated his defense with that of Mr. Fung's.  The expectation was that Mr. Lighter would not need to attack Mr. Fung's credibility or Mr. Fung's actions or omissions, relative to the three key "victims".  Instead, previously, one of foci of the defense had been to discredit the testimony of the victims.

However, Mr. Fung was the person who introduced the victims to Mr. Lighter, for the purpose of having Mr. Lighter help the victims against the IRS, for false tax filings which the victims had submitted and which had been prepared by Mr. Fung (well before Mr. Fung ever met Mr. Lighter).  Also, Mr. Fung had been present during many of the initial or original interactions between Mr. Lighter and each of the victims.  It is apparent now that the Government will attempt to use Mr. Fung to corroborate the victims' versions of what happened.

Therefore, for the first time, Mr. Lighter needs to conduct a thorough investigation of Mr. Fung's credibility and misconduct, for impeachment purposes.  There is no dispute that Mr. Fung had been heavily involved with NTS and had interacted extensively with the victims well before Mr. Lighter met any of the victims.  Accordingly, there is a large body of evidence and information relating to Mr. Fung's conduct and credibility which must be investigated, analyzed, and prepared for trial presentation.

For example, in the Government's pretrial filings, seeking the admission of Rule 404(b) evidence, the Government listed Mr. Fung's tax filing history, an Oregon court's injunction against Mr. Fung, and Mr. Fung's ties with NTS.  These are only examples of

1  areas of investigation which do not directly relate to the charge offenses (but which will
2  strongly affect Mr. Fung's credibility when he testifies at trial against Mr. Lighter).  Mr.
3  Lighter and his counsel will need to pursue these avenues of investigation, in addition to the
4  more obvious areas of investigation relating to the offense conduct charged in this case.
5        The task is made more difficult and time intensive because there is a possibility that
6  some of Mr. Fung's anticipated testimony might overlap with information which are part of
7  the joint defense preparation undertaken by Mr. Fung's counsel and Mr. Lighter's counsel.
8  Of course, this analysis can be conducted only after Mr. Lighter has had an opportunity to
9  review the reports or memoranda relating to any cooperation debriefing or interview which
10 Mr. Fung has given or provided to the Government.
11       In addition, Mr. Fung's cooperation will significantly affect (and, perhaps, require
12 modifications to) Mr. Lighter's cross-examination and/or defense of the victim-witnesses.
13 Again, Mr. Fung was a percipient witness to key interactions between Mr. Lighter and the
14 victim-witnesses.  If, as expected, the Government will now try to use Mr. Fung to
15 corroborate the victim-witnesses' accounts of what happened, Mr. Lighter will need to re-
16 calibrate how he will answer the victim-witnesses' versions of his interactions with them.
17 For example, it might be that it is no longer just a victim's word against Mr. Lighter's word.
18 Instead, Mr. Lighter might now need to present additional objective or extrinsic evidence to
19 demonstrate that, despite the attempted corroboration by Mr. Fung, the victim's allegations
20 are not true or accurate.
21       Because Mr. Lighter is receiving appointed counsel under the Criminal Justice Act,
22 his attorney will need to make applications to the Court for CJA funds necessary to hire an
23 investigator and a paralegal (and, perhaps, other professionals such as a CPA, to explain Mr.
24 Fung's acts or omissions when he had prepared the victims' tax returns- well before he met
25 Mr. Lighter) to conduct the investigation of Mr. Fung and to help prepare for his anticipated
26 testimony at trial against Mr. Lighter.
27       Accordingly, Mr. Lighter and his counsel estimate that they will need, at a minimum,
28 a period of 30 days just to figure out the specific areas and means of investigation made

1  necessary by the game-changing event of Mr. Fung's sudden cooperation and to make the
2  CJA applications for the necessary funds to do so.  Mr. Lighter believes that within 30 days,
3  he and his counsel will be in a meaningful position to advise the Court when he can be
4  adequately prepared for trial.  ***Mr. Lighter respectfully requests that the Court vacate the***
5  ***current trial date and schedule a trial setting conference in about 30 days from September***
6  ***19, 2011.***

7                                              II.
8                        SUPPORTING LEGAL POINTS & AUTHORITIES

9       In the Ninth Circuit the factors to be considered for granting a defendant's request for
10  a continuance are well established.  US v. Kloehn, 620 F.3d 1122, 1126-1127 (9th Cir. 2010);
11  US v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985).

12      The factors to be considered are:
13      1)   The extent of the defendant's diligence in his/her efforts to ready his/her
14  defense prior to the date set for hearing/trial or does the request for a continuance appear to
15  be made as a delay tactic;
16      2)   The usefulness of the continuance;
17      3)   The extent to which granting the continuance would inconvenience the court
18  and opposing party;
19      4)   would the defendant be prejudiced if the requested continuance is denied.  *Id.*
20      Here, the factors weigh heavily (or compellingly) in favor of granting the requested
21  continuance.
22      First, as to the issue of diligence, there is no dispute that co-defendant Sam Fung had
23  just turned into a cooperating witness (against Mr. Lighter) this week (and entered into a
24  guilty plea, plea agreement, and, undoubtedly, cooperation agreement, just this week).  Mr.
25  Lighter and his counsel are bringing this motion immediately upon hearing the news.  There
26  is no lack of diligence.
27      Secondly, the usefulness of the continuance is demonstrated by the fact the
28  Government certainly concluded that having Mr. Fung testify against Mr. Lighter is

1  important and useful. Otherwise, they would not have changed their trial strategy by offering
2  Mr. Fung the opportunity to earn a downward departure in his sentence (by cooperating and
3  testifying against Mr. Lighter). Conversely, for the same reason, Mr. Lighter now needs to
4  conduct a thorough investigation of Mr. Fung, ***something which Mr. Lighter had no reason***
5  ***to do before this week.*** The expected investigation will undoubtedly be useful in that Mr.
6  Fung has left quite a trail of his work with NTS, his dealings with the IRS (much of which
7  had been before he ever met Mr. Lighter), and his tax work on behalf of the alleged victims.
8  Without a thorough investigation (which makes a continuance necessary), Mr. Lighter would
9  not be able to cross-examine Mr. Fung (and the alleged victims, given that their testimonies
10  will now be bolstered, presumably, by Mr. Fung's corroboration) effectively or meaningfully.

11  Furthermore, in any conspiracy prosecution, the adverse or inculpatory testimony of
12  one of the alleged co-conspirators is usually devastating to the other conspirator because,
13  among many other obvious reasons, the crime of conspiracy, at heart, is the agreement
14  between the two co-conspirators (here, Mr. Fung and Mr. Lighter, allegedly) to commit a
15  crime. The only parties who would have direct evidence of whether or not they had entered
16  into such an agreement would be the two co-conspirators. Admission by one would provide
17  a direct link to the guilt of the other. That is exactly the case here. ***Therefore, investigating***
18  ***and preparing to impeach Mr. Fung is not only useful to Mr. Lighter's defense; it is***
19  ***essential.***

20  Thirdly, while the requested continuance would, of course, cause some inconvenience
21  for the Court and the Government, the degree of inconvenience is relatively minimal
22  (compare to what is at stake for Mr. Lighter). This motion is made two weeks before trial.
23  Most of the Government's witnesses are located within the Bay Area. The continuance
24  would actually foster a greater degree of efficiency and organization, and it should narrow
25  down significantly the issues relating to Mr. Fung's testimony (given adequate time for the
26  defense to prepare, as oppose to "winging it" if forced to go trial on October 3, 2011).
27  Therefore, there should be a "net" gain for the Court and the Government, in terms of
28  convenience and efficiency.

Finally, it is very apparent that Mr. Lighter would be seriously or irreparably prejudiced if he is not given a reasonable and sufficient opportunity to investigate, prepare for, and respond to the anticipated testimony of Mr. Fung. It is important to remember that Mr. Fung was the person who connected the three victims with Mr. Lighter and that Mr. Lighter's role was to try to save the victims from the consequences of the victims' false tax filings, which had been prepared by Mr. Fung. Therefore, Mr. Fung is truly the pivotal character in this episode of tax drama. The compelling need to be reasonably and adequately prepared for his testimony at trial cannot be overestimated. The only way this can be achieved is to allow Mr. Lighter sufficient time to conduct the investigation and prepare accordingly.

Therefore, when the relevant factors are considered and weighed, it is clear that they point to only one conclusion:  That Mr. Lighter's request for a continuance shall be granted to ensure that Mr. Lighter receives a fair trial.

### III.

### SUPPORTING DECLARATION

I, Jerry Y. Fong, declare:

1. I am an attorney licensed to practice law before this Court and I am the attorney of record for Defendant Eric Lighter.

2. I make this declaration in support of Mr. Lighter's request to continue the trial of this case, in light of this week's news of Sam Fung's guilty plea and agreement to cooperate against Mr. Lighter at trial.

3. As to factual matters alleged in this pleading, and my opinions and anticipated actions (to the extent they are necessary to understand the request for relief), I incorporate all such matters into this declaration (due to the shortage of time involved). I believe that I can testify competently to the same if called as a witness.

1  I declare under the penalty of perjury that the foregoing is true and correct. Executed on September 16, 2011, in Palo Alto, CA.

                                                  /S/
                                       JERRY Y. FONG

## IV.
## CONCLUSION

For the reasons set forth in this pleading, Mr. Lighter respectfully requests that the Court grant his motion to continue the trial, vacate the current trial date of October 3, 2011, and schedule a trial setting conference in about 30 days from September 19, 2011.

DATED:     September 16, 2011     Respectfully submitted,

                                                  CAREY & CAREY

                                                /S/
                                       by JERRY Y. FONG, ESQ.