JERRY Y. FONG, ESQ. (SBN 99673)
CAREY & CAREY
706 COWPER STREET
P.O. BOX 1040
PALO ALTO, CA 94302-1040
650/328-5510
650/853-3632 fax
jf@careyandcareylaw.com

Attorneys for DEFENDANT ERIC LIGHTER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.　CR 05-00215 EJD |
| ) | |
| Plaintiff, ) | DEFENDANT ERIC LIGHTER'S |
| ) | PRETRIAL CONFERENCE |
| vs. ) | STATEMENT. |
| ) | |
| SAMUEL S. FUNG and ERIC AARON ) | Date:　　September 19, 2011 |
| LIGHTER, ) | Time:　　1:30 p.m. |
| ) | Judge:　　Hon. Edward J. Davila |
| Defendants. ) | |
| ) | |

Pursuant to Criminal Local Rule 17.1-1 (b) and this Court's Order re pretrial preparation, Defendant Eric Lighter hereby submits his pretrial conference statement:

A.　　Counsel's Explanation for Late Filing

Jerry Fong, the attorney for Defendant Eric Lighter, wishes, as an initial matter, apologize to the Court for this late filing of the Pretrial Conference Statement. Last Friday, when Mr. Lighter's counsel planned to file the Pretrial Statement, he lost the entire afternoon when a family medical emergency caused him to take his significant-other to her doctor and then to the Mills Hospital emergency room, where they stayed until 11:00 p.m. Then, the weekend was taken up with follow-ups and related issues. This pushed the Pretrial Conference Statement's filing back as other deadlines then became applicable. Again, Mr.

Lighter's counsel sincerely apologize for any inconvenience to the Court and the Government's counsel.

### B. Introduction/Overview of the Case

The case originally involved charges that Defendant Sam Fung had conspired with Eric Lighter to obstruct the IRS' ability to assess and collect taxes from various high-earning individuals for whom Mr. Fung (but not Mr. Lighter) had prepared their tax filings. Well before Mr. Fung met Mr. Lighter, he and the alleged "victims", including doctors, professors, and other professionals, had used the "NTS" trust system to shield each victim's income from taxation through the use of a maze of "trusts" set up through NTS and Sam Fung.

The indictment also charged Mr. Lighter and Mr. Fung of conspiring to defraud the victims, in the course of Mr. Lighter's attempt to help the victims against the IRS. Finally, there are charges with Mr. Fung's telephone calls to the victims, allegedly to threaten them with legal consequences if they did not drop their civil lawsuit against Mr. Lighter.

The case's landscape changed radically this week when Mr. Fung pled guilty and entered into an agreement to cooperate with the Government, including testifying against Mr. Lighter at trial. This change is the subject of a separate motion by Mr. Lighter for a continuance of the trial.

#### 1. Disclosure and Use of Statements by Witnesses

As to most of the witnesses, much of their statements have been disclosed in discovery. However, as to Mr. Fung and his cooperation debriefing/interview, those statements have not yet been disclosed. Of course, these are essential for the preparation of Mr. Lighter's defense, given Mr. Fung's anticipated testimony against Mr. Lighter at trial.

#### 2. Disclosure of Grand Jury Testimony Transcripts

The Government has represented that it has made the necessary disclosure.

#### 3. Disclosure of Exculpatory or Brady Evidence

This is a subject of debate and possibly dispute. Mr. Lighter's counsel will continue to work with the Government's counsel to resolve any issues. However, Mr. Lighter anticipates that Mr. Fung's cooperation will provide additional Brady or Giglio

1 disclosures.

    4. <u>Stipulation of Facts</u>

No such stipulations have been reached. However, in light of Mr. Fung's changed status, counsel will revisit this issue.

    5. <u>Interpreters</u>

No interpreters will be needed.

    6. <u>Dismissal of Counts</u>

Contrary to the Government's assertion, Mr. Lighter, in his previous motions to dismiss, had specifically raised the defense of statute of limitations, as applied to him. This will be the subject of additional pretrial argument.

    7. <u>Joinder or Severance</u>

Not applicable.

    8. <u>Identification of Informers, etc.</u>

There are no unknown informers. Mr. Fung's prior bad acts, if any, will be the subject for an immediate investigation, a compelling reason for the need of the requested continuance of the trial. Mr. Lighter's prior convictions are not admissible to this trial.

    9. <u>Pretrial Exchange of Witness List</u>

The defense has not finalized its witness list, which will now be changed substantially, given Mr. Fung's change of status into a cooperating witness.

    10. <u>Pretrial Exchange of Exhibits</u>

The defense anticipates many of the documents which it will use are already included as government exhibits or are part of the vast discovery in this case. For the remainder documents, the defense will confer with government's counsel, to the extent required if the defense wishes to introduce non-rebuttal evidence.

    11. <u>Pretrial Resolution of Objections to Exhibits or Testimonies</u>

Again, much will be depended on Mr. Fung's anticipated testimony, which Mr. Lighter cannot meaningfully determine or assess until Mr. Fung's debriefing or interview report(s) is made available to Mr. Lighter.

12. <u>Preparation of Trial Brief</u>

Mr. Lighter's counsel anticipates submitting a trial brief to the Court before the start of the trial.

13. <u>Scheduling of the Trial and Witnesses</u>

This matter is covered by Mr. Lighter's companion motion to continue the trial on the grounds of Mr. Fung's changing into a cooperating witness.

14. <u>Request to Submit Questionnaire for Prospective Jurors</u>

Mr. Lighter will not submit an independent questionnaire. He will submit additional voir dire questions for the Court's consideration.

15. <u>Other Matters</u>

The most immediate issue is Mr. Fung's change in status, turning into a cooperating witness to testify against Mr. Lighter. That issue is the subject of Mr. Lighter's companion motion to continue the trial.

DATED: September 16, 2011  Respectfully submitted,

CAREY & CAREY


       /S/
By JERRY Y. FONG