(UNDER SEAL)

ERIC LIGHTER
12010880/EBN 727
Santa Clara Main Jail #242E
885 N. San Pedro St.
San Jose, CA 95110

CR-05-00215-02-EJD

**FILED**
APR 17 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE
and
OFFICE OF INSPECTOR GENERAL FOR U.S. TREASURY

U.S. v. ERIC LIGHTER ) CR. 05-205 E.J. DAVILA
and ) PETITION FROM AMICUS CURIAE, RE: RELEASE, RE: FRAUD ON
In re: OFFICE OF ) THE COURT; DECLARATION OF ERIC LIGHTER, RE: REVISIT REQUEST
INSPECTOR GENERAL ) FOR RELEASE, RE: FRAUD ON THE COURT; (ONCOMING
FOR U.S. TREASURY ) EXHIBITS "1"-"7")

PETITION FROM AMICUS CURIAE, RE: RELEASE, RE: FRAUD ON THE COURT

COMES NOW, ERIC LIGHTER, pro se ("Lighter"), and hereby petitions this Court to accept this Petition as amicus curiae evidence herein, and for:

1. Release from remand based on the record and especially the hereto attached Declaration of Eric Lighter, Re: Revisit Request For Release, Re: Fraud on the Court, dated 4-3-2012 ("Decl.")

2. Granting this Petition for the additional purpose of the Court:

    a. Putting said full Decl. on the docket herein, under seal, re: fraud on this Court;

    b. Insisting that Mary E. Conn, Esq., provide this Court and parties and Lighter with the seven (7) exhibits to said Decl. (under seal); and

    c. Order Ms. Conn to fully defend Lighter with Petitions for Writs, motions for Release, to Continue, and for Dismissal or for New Trial, etc., based on the record but especially on said Decl. and Lighter's therein noted 1" thick, comprehensive analysis and related email given to Ms. Conn with related CD/DVD, and ineffective trial counsel; and

3. Have the Court's clerk give copies of this full Petition (including oncoming seven (7) exhibits) to the parties herein, Lighter, and the co-venue, for complaint,
OFFICE OF INSPECTOR GENERAL FOR U.S. TREASURY
c/o Federal Bureau of Investigation
280 S. First St., San Jose, CA 95113

especially since the IRS "disappeared" Hawaiian Colony Hotel Corporation ("HCHC") 2003 returns in/about May 2003, per Decl., in retaliation for Lighter and HCHC being key whistleblowers in what was likely the nation's largest IRS scandal, decided by the U.S. Court of Appeals for the Ninth Circuit only about March 2003; see prominent citation in the late November 2011 letter from Lighter to this Court, note in said Decl., filed on the

docket as no. (about) 252, and gov't. trial exhibit (about) 39, <u>Dixon v. Commissioner</u> (see also 5-31-1992 <u>Federal Register</u>, pp 24836-42, In re <u>Wells Fargo/Lighter</u>, Case. No. 94-2094, U.S. Supreme Court, both being gov't. exhibits).

4. And that any release be subsequent to U.S. Pretrial Services returning Lighter to Hawaii (and in the meantime transfer Lighter to a federal facility giving Lighter access to a computer, email, a library, plus copies of the pleadings herein if possible).

5. The instant Petition is not for delay, but for the ends of justice. Lighter appreciates Ms. Conn's contribution herein to date, but is concerned about further bad faith and deceptions against her [1] (and Lighter), and worse [2], so I humbly request this Court be merciful and grant this Petition. DATED: APRIL 11, 2012. /s/ Eric Lighter
ERIC LIGHTER

[2] During the course of <u>Dixon</u> whistleblowing, an HCHC attorney and a HCHC paralegal were allegedly separately murdered, plus there were a multitude of assaults (both people and property) and the like against HCHC associates, mostly well published, especially at the Hawaii Bureau of Conveyances.

[1] For example, IRS-CID agent K. Bonano at trial falsely denied that the Omnibus Returns intended/invoked full IRS tax liens, both inchoate and statutory, ie by waiving IRS demand typically required by IRC rules, see IRC 6021 or 6031, et seq. Also Bonano falsely testified at trial that he never saw the crucial forms 3949 filed fraud reports re Gootnick (pre monitored calls), despite same being in his and defense productions. Also, despite his perjury, he actually first began to entrap Lighter/HCHC years earlier, ie. CID referral of Fung, et al. was 2002 not 2006. Bonano also falsely testified to the grand juries, ie hotel and other collateral, which collateral included $500,000 cash from Lighter's mother in law (see said late November 2011 letter to this Court and attachments thereto). See Decl. for more examples.

U.S. v. LIGHTER
CR. 05-205 USDC, NOCA, SJ
P. 1 OF 6

DECLARATION OF ERIC LIGHTER, RE: REQUEST FOR RELEASE, RE: FRAUD ON THE COURT

I, ERIC LIGHTER, under penalty of perjury declare the following in true and correct to the best of my knowledge, as follows,

Tim Richardson's (TR) January 2012 letter to this Court and others, Exhibit "1", cannot be validly be any basis for ruling that I am a danger to the community. Said letter is replete with false/fraudulent statements.

1. On 12-15-2003, a firm I represent, Hawaiian Colony Hotel Corporation (HCHC) bought a free and clear Oregon ranch as a holder in due course via a type of quitclaim deed. HCHC pays some cash, pays property taxes, and has an associate deliver a note for $350,000 (with a guarantor).

2. In February 2004, HCHC ordered and received a preliminary title report on the property from TICOR Title of Oregon, showing the title to be free and clear, and also that Ivan Cermak (IC) was a former trustee of the property seller, JI Foundation (JI). TR signed the 12-15-2003 deed as a JI trustee. Unknown to me, on 12-15-2003, IC personally owed about $2 million in federal taxes, which caused tax liens which attached to the property 1½ years later (mid 2005) in the form of "alter-ego/nominee" liens. I have never met IC, who filed numerous subsequent bankruptcies, always declaring and/or it being ruled that IC had no real property interests. IC was herein co-defendant Sam Fung's senior and TV promoter of their abusive tax shelter program National Trust Services (NTS). I was never part of or promoted NTS in any way; in fact I always published as anti-NTS. Fung testified at trial that except him and 3 parties I attempted transactions with I had nothing to do with NTS, although Fung did also lie.

3. The tax liens declare that JI sold the property to HCHC via recorded deed; same filed after Goatnick sued me. According to TR, Fung recorded the 2003 deed for TR/IC/JI. TR asked Fung to send me a clear copy of that deed, see Exhibit "6", which is Fung's fax with his real estate firm's fax logo,

US v. LICHTER
CR. 05-215 USDC, NDCA, SJ
p. 2 of 6

Exhibit "1" agrees that HCHC was a holder in due course, that portion is truthful. In February 2004 HCHC sent IC (the then and still the property tenant) an eviction notice by certified mail. TR intervened and contracted with HCHC that JI would receive IC's rent in consideration for rent credits to HCHC in the same amount of reduction to the $350,000 note due from an associate, V25, Ltd., the party who sent the late December 2011 rent option letter, Exhibit "2" which Exhibit "1" was in response to. Exhibit "2" was dictated to me by Dean Robin as detailed in Robin's 2-2-2012 affidavit, Exhibit "3". In 2008 the IRS filed a $20,000 tax lien against V25, Ltd. for rent credits received (part of defense production and gov't. trial exhibits). TR's Exhibit "1" is mostly false statements and fraud on the Court (and HCHC and me). Exhibit "3" repudiates Exhibit "1". Mid-2005, Fung pays about $90,000 to TR and counsel for his legal representation and variously met with the gov't about April 2006 to review the herein subject IRS monitored calls (the minutes of which were not disclosed at trial herein; Fung never disclosed same in produced minutes or at trial). No doubt Fung's connection to Fung's longtime friend IC and TR was then known. Moreover, in March and April 2004, Fung and his client Bourdier tried hard to get HCHC to "loan" the Oregon and other properties to them to replace lost funds. Bourdier and Fung were bitter that HCHC eventually denied their requests, doubtlessly the real reason Bourdier testified against me.

4. About August 2008, TR solicits his legal services to me. Exhibit "4" is my declaration and TR's email solicitation, which 2008 declaration notes that TR apologized for guiding/instructing Fung to set me up to be blamed for the IRS monitored calls from Fung to Gootnick. TR instructed Fung to call me between aggressive calls to Gootnick in case Fung's forceful presentation failed (in case it went badly for Fung). Fung needed Gootnick's favorable testimony for his criminal case. During those calls I was mainly praying with a delusional Fung (he threatened Gootnick with what Gootnick knew was impossible, see 2-28-2006 S.E.C. notice signed by me, herein docket no. about 252), and asking Fung to plea bargain, see my 4-25-2006

-(2)

U.S. v. LIGHTER
CR 05-205, USDC, NDCA, SJ
p. 3 of 6

transcript, a gov't trial exhibit. For background, see my late November 2011 letter to this Court filed on the docket, also gov't. trial exhibit about 39. Exhibit "5" is the 2005 letter from TR requesting from me Gootnick's tax records for TR's legal team's client, Fung. After 8-2008, TR wrote Fung's herein Motion to Dismiss based on violation of the Speedy Trial Act (denied) which (1) resulted in Fung replacing his counsel with his current attorney (after Fung was remanded for daring to request new counsel, and (2) was the same motion TR offered to write for me for $25,000 (seemingly the real reason TR apologized, ie. $25,000). At trial Fung did not disclose anything regarding TR, the $90,000 paid to TR in 2005, meetings with TR and the gov't in 2006, or TR writing Fung's Speedy Trial Act motion.

5. In January 2010, TR again solicited me his legal services for cash. He bragged that since 6 years had passed that he defeated payment on the $2 million in taxes owed by IC/TR/SS/Fung. TR said the IRS told him that the IRS was going to blame me alone for the $2 million in taxes, and because I was innocent I needed TR's help, and should therefore pay him $25,000. TR also disclosed that the IRS said to him that they didn't care that I was "set up", which scared me about what evil plans the IRS and TR had devised against my innocence inasmuch as TR said he was forced to "tell all" to the IRS (including how I was innocent and "set up") in order to avoid prosecution for $2 million of tax evasion. TR's motion would thus "make it up to me" for setting me up, ie by TR getting the case dismissed. TR said my case particulars was much better than Fung's against the Speedy Trial Act violations. Those tax liens are Exhibit "7" hereto. Fung called me a few times to support TR's solicitation(s), and I reported some to U.S. Pretrial Services, but not all calls. Why TR's "disclosures" had credibility included the fact that I had already filed a plethora of tax returns for various corporations which happened to corroborate much of my

defense, all without IRS's material response (see 8-2010 Lighter production to pro herein). Thus I knew the IRS, et al. had an undisclosed, corrupt plan against me, a plan that exploited the falsehoods of TR and Fung. That is, the IRS used the $2 million tax evasion scheme of IC/JI/TR/Fung to "encourage" Fung to (continue to) make false testimony against me like he did in his January 2007 deposition by Gootnick. That became obvious to me. (Note: Fung's fax logo and related documents were also produced at the 4-11-2007 Lighter Declaration, Exhibits 1-100). TR was Fung's attorney for years, not me. The scheme is now exposed. The herein describes additional evidence of and regarding the scheme.

6. TR is currently laboring to defraud this Court, with IRS, et al.'s help, by trying to regain the Oregon property via false adverse possession coupled with tax evasion and fraudulent statements to the Court, and thus get the rents and property tax free. I was about to report this all (much of same redundantly) when the Court ordered me to stop reporting anything further. My former ineffective counsel failed and even refused to handle my defense regarding the herein. There are other frauds on the Court. A comprehensive analysis of which my current counsel has. For example, the IRS admitted exhibits claim HCHC filed no returns in 2003 when in fact HCHC filed 3 comprehensive, serious returns in April-May 2003. I testified at trial that I brought the original mailing receipts therefore,② all of which show my innocence regarding Brock and much else (gov't exhibits are fraudulent exhibits). To continue, almost half the $2 million in tax liens was to be released 3-20-2012. Since the liens are IRS liens, the IRS can not deny knowledge of all or most of the matters herein, or validly ignore the $20,000 tax lien, the 8 years of rent paid, nor the $2 million lien and taxes due from IC/TR/JI/Fung, with whom the IRS, et al. joined in their prima facie fraud on the Court. The tax liens on the property claim HCHC is the "alter ego/nominee" of IC, who "is" JI, but IRS, et al. is now claiming HCHC is not IC or JI, or that IC is JI, yet IRS does not release its liens. The

U.S. v. LICHTER
CR. 05-205 USDC, NDCA, SJ
p. 5 of 6

IRS, et al. joined the scheme to better "get" me and later to wrongly remand me based upon fraud which includes supporting the corrupt Exhibit "I" (TR's January 2012 letter). TR is the IRS, et al.'s "inside man".

7. The scheme originally was for TR/IC/JJ/Fung to evade $2 million in taxes by victimizing HCHC and me. That scheme was embraced, enhanced and promoted by IRS, et al. in order to "get" me at any cost. Proof of there being a scheme can also be seen in the fact that the $2 million tax bill/lien(s) existed prior to the sale of the Oregon ranch to HCHC. The IRS, et al. is blaming me or HCHC for $2 million in taxes that are not nor could not be mine nor HCHC's debt, which is all part of my victimization by IRS, et al. IC/TR/JJ cannot deny that IC and his NTS firm Fiduciary Educational Society were during the time of the 12-15-2003 deed represented by the same attorney (with whom TR was half of the legal team) representing Fung, Terry McCauley (see PACER). The Oregon property sellers (IC/TR/JJ/Fung) had the same counsel as Fung (not me), re: 2006 monitored calls. Fung and IRS, et al. also cannot deny this. I was not nor could not have been part of the tax evasion scheme. The IRS, et al. was during this time well aware of me and HCHC via (1) Fung turning Brock into the IRS-CID in May 2003, and (2) the 3 HCHC returns (April-May 2003) filed with IRS-CID, which the IRS, et al. illegally "disappeared" from the official records May 2003, and from the fraudulent gov't trial exhibits herein. The IRS, et al. acted to wrongfully entrap me since mid 2003. Exhibit "I" (TR's January 2012 letter) was presented to this Court as "fact", despite knowing it was a fraud on the Court, in order to wrongly remand me. Had I known the 2003 HCHC returns were officially "disappeared" in mid 2003, I would have known the IRS, et al. was determined to prosecute an innocent man, me, for reasons stated in said late November 2011 letter to this Court (filed on the docket and gov't trial exhibit no. (about) 39. I would not have proceeded

U.S. v. LIGHTER
CR.-05-205 USDC, NOCA, SJ
P.6 of 6

with any mainland USA transactions (even though all were legitimate transactions①) had the IRS disclosed it was illegally persecuting and entrapping HCHC and me. Actively corrupt, IRS, et al only disclosed that the 2003 HCHC returns were "disappeared" (since 2003) approximately after trial motions herein; and same deceptively dumped together with a large array of other files. This was long after the 2003 returns were delivered as part of my 8-2010 production CD/DVD (Note: the subject liens may exceed $2 million including interest). Further evidence that IRS, et al knew I was and am innocent is the fact that on February 2005 I had the Oregon ranch appraised for Gootnick's collateral package, which appraisal included interior inspection assisted by the tenants; IC②.

8. The $2 million tax debt is still due. The frauds on the Court are ongoing. I am the victim, even wrongly remanded. Clearly I had ineffective counsel, and was entrapped since mid-2003. The gov't trial exhibits have fraudulent exhibits and omissions.

★ The IRS, et al is promoting tax evasion as a cornerstone of this case. TR is practicing law without a license.. There are many other serious wrongs in this case detailed in my aforesaid comprehensive analysis. Note: it is reported that even though the 6 year statute of limitations has passed that TR is now suing HCHC without personal service or naming his "partner" the IRS; with the goal of getting the deed and rents tax free; with the obvious blessing of IRS, et al. and IC (the actual seller and TR's $2 million tax evasion "boss"); quite a reward for corruption victimizing HCHC and me. The only thing any such suit could prove is that HCHC was a holder in due course. Within about 60 days from the U.S. Court of Appeals for the 9th Cir. ruling on likely the nation's largest IRS scandal in March 2003, Dixon v. Commissioner, for which I and HCHC were key whistleblowers for years, the IRS "disappeared" HCHC's 2003 returns, ie retaliation.

DATED: April 3, 2012

ERIC LIGHTER

① despite false allegations by IRS, et al.
② the 3 HCHC 2003 returns are also exhibits in said 4-11-2007 Lighter Declaration, Exh. 1-100.

-⑥-

ERIC LIGHTER
12010880/EBN727
SANTA CLARA MAIN JAIL
885 N. SAN PEDRO ST
SAN JOSE, CA 95110

ATTORNEY
CLIENT

COUNTY JAIL
GENERATED MAIL

HONORABLE JUDGE E.J DAVILA
U.S. DISTRICT COURT
280 S. FIRST ST
SAN JOSE, CA 95113

95113+3095

13 APR 2012 PM 5 L

FOREVER
FIRST-CLASS
USA