MELINDA HAAG (CAB 132612)
United States Attorney

MIRANDA KANE (CAB 150630)
Chief, Criminal Division

CHARLES A. O'REILLY (CAB 160980)
KATHERINE L. WONG (CAB 264056)
Trial Attorneys

11th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone:   (415) 436-6999
Fax:             (415) 436-7009
Email:          Charles.A.O'Reilly@usdoj.gov
                    Katherine.Wong@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | No. CR 05-00215-2-EJD |
| ) | |
| **Plaintiff,** ) | **UNITED STATES' MOTION** |
| ) | **TO DISCLOSE SEALED** |
| v. ) | ***EX PARTE* PLEADINGS** |
| ) | |
| **ERIC AARON LIGHTER,** ) | |
| ) | **SAN JOSE VENUE** |
| **Defendant.** ) | |
| ) | |

The United States of America, by and through Charles A. O'Reilly and Katherine Wong, Trial Attorneys, hereby files a motion to disclose Defendant Lighter's sealed *ex parte* pleadings.

Defendant Lighter's attorney informed the United States that he had filed under seal only

two documents, and that disclosure of these two documents would improperly reveal defense strategy. That concern can be alleviated by limited redaction of the documents. On the following dates, Defendant Lighter is believed to have filed sealed *ex parte* materials with the Court: September 19, 2012 - Doc. No. 378; October 9, 2012 - Doc. No. 387; October 10, 2012 - Doc. No. 388; November 29, 2012 - Doc. Nos. 399 and 400; November 30, 2012 - Doc. No. 401. Some of these sealed, *ex parte* filings appear to have been made without the knowledge or permission of Defendant Lighter's attorney.

During the status conference held December 3, 2012, the Court referenced an issue being raised by Defendant Lighter with respect to a potential conflict involving the Court. The United States is unaware of any order in this case, nor any particular statute, Federal Rule, local rule or Standing Order that authorizes the filing of *ex parte* communications in such circumstances.

The United States respectfully moves the Court to unseal the materials at Docket numbers 378, 387, 388, 399, 400, and 401. Both the number and frequency of the sealed, *ex parte* filings suggest that the filings do not comply with the local rules and case law, which set out the proper circumstances in which a particular document should be sealed; local rules and case law also provide for the limited circumstances in which *ex parte* communications are proper.

With respect to *ex parte* communications, Local Rule 7-10 states: "Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." N.D. Cal. Civil L.R. 7-10.

Further, "[e]xcept as otherwise provided by law, these Local Rules or otherwise ordered by the Court, an attorney or party to an action must refrain from making telephone calls or

United States Motion to Disclose
Sealed *Ex Parte* Pleadings
(No. CR-05-00215-2-EJD)                           -2-

writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel." N.D. Cal. Civil L.R. 11-4(c).

With respect to the documents at issue here, the United States has not seen copies of the sealed, *ex parte* filings. Nor has it been provided with any but the most cursory information regarding their contents. Accordingly, the United States does not know whether the Court's local rules have been followed. However, given the current procedural posture of the case and Defendant Lighter's past filings, the United States cannot fathom any basis for the six separate pleadings to be sealed and submitted to the court *ex parte*.

Rather, "[i]n the general case, there is a 'strong presumption in favor of public access to judicial proceedings.'" *In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001). The public's right of access to criminal proceedings is not limited to the trial itself; it also encompasses pretrial and post-trial hearings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise Co. v. Superior Court of Cal. for Riverside County*, 478 U.S. 1 (1986). As the United States Supreme Court has explained, the presumption of open, public proceedings is protected by the First Amendment; it reflects the fact that "public access to criminal trials . . . is essential to the proper functioning of the criminal justice system." *Press-Enterprise*, 478 U.S. at 12. In determining whether the public should have access to other aspects of a criminal case, the Supreme Court has asked whether the proceeding "plays a significant positive role in the functioning of the particular process in question." *Id*. at 8.

Open, public proceedings "enhance [] both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise Co. v. Superior Court of Cal. for Riverside County*, 464 U.S. 501, 508-09 (1984). "Proceedings held in secret would deny this outlet and frustrate the broad public interest; by contrast, public proceedings vindicate the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct . . .." *Id.* Because of the strong public

1 interest in criminal proceedings, the Supreme Court has cautioned that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Id.* The presumption of public access includes the documents filed in those proceedings. *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980); *see also In re Sealed Case*, 237 F.3d at 666. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court of Cal. for Riverside County*, 464 U.S. at 510; *see also United States v. Curran*, 2006 WL 1159855 (D. AZ 2006) (applying the test to a mental competency hearing).

In determining whether the presumption of public access is overcome, the Court of Appeals for the District of Columbia considered the following six factors in *United States v. Hubbard*: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." 650 F.2d at 317-22. These factors have been applied in determining whether documents should be filed under seal, recognizing the "very strong presumption *against* filing pleadings under seal." *In re Sealed Case*, 237 F.3d at 666.

While claims of privilege may justify *ex parte* or sealed communications in limited circumstances, there is no evidence with respect to Defendant Lighter's filings that the presumptions against sealed and *ex parte* communications have been overcome. This is particularly true with respect to disclosure to the United States, which is a party to the case and has never consented to Defendant Lighter's continued, secret submissions to the Court absent a proper showing of privilege or strong privacy interests. However, since mid-September the majority of Defendant Lighter's submissions to the Court have been in the form of sealed *ex*

United States Motion to Disclose
Sealed *Ex Parte* Pleadings
(No. CR-05-00215-2-EJD)     -4-

1 *parte* communications. The United States respectfully requests that the Court review these
2 materials and, to the extent possible, order them unsealed. To the extent that the documents are
3 properly sealed from public disclosure, the United States requests that they be made available to
4 the United States with redactions as appropriate to protect privileged material.

5 DATED: December 7, 2012

6     Respectfully submitted,

7     MELINDA HAAG
    United States Attorney

8

9      */s/ Charles A. O'Reilly*
    CHARLES A. O'REILLY
    Trial Attorney

10

11      */s/ Katherine L. Wong*
    KATHERINE L. WONG
    Trial Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 United States Motion to Disclose
Sealed *Ex Parte* Pleadings
28 (No. CR-05-00215-2-EJD)     -5-

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Jay Rorty, Esq.
Law Offices of Jay Rorty
831 California Street
Santa Cruz, CA 95060
jayrorty@gmail.com

Counsel for Eric Aaron Defendant Lighter

                                      */s/ Charles A. O'Reilly*
                                      CHARLES A. O'REILLY
                                      Trial Attorney