1  MELINDA HAAG (CAB 132612)
   United States Attorney
2
   MIRANDA KANE (CAB 150630)
3  Chief, Criminal Division

4  CHARLES A. O'REILLY (CAB 160980)
   KATHERINE L. WONG (CAB 264056)
5  Trial Attorneys

6   11th Floor Federal Building
    450 Golden Gate Avenue, Box 36055
7   San Francisco, California 94102
    Telephone:   (415) 436-6999
8   Fax:         (415) 436-7009
    Email:       Charles.A.O'Reilly@usdoj.gov
9                Katherine.Wong@usdoj.gov

10
   Attorneys for the United States of America
11

12

13                          UNITED STATES DISTRICT COURT

14                         NORTHERN DISTRICT OF CALIFORNIA

15                                SAN JOSE DIVISION

16
                                         )
17  UNITED STATES OF AMERICA,            )
                                         )   No.  CR-05-215-2-EJD
18                Plaintiff,             )
                                         )   GOVERNMENT'S RESPONSE IN
19          v.                           )   OPPOSITION TO DEFENDANT'S
                                         )   MOTION TO RECONSIDER POST-
20                                       )   CONVICTION DETENTION ORDER
    ERIC AARON LIGHTER,                  )
21                                       )
                  Defendant.             )
22  _____ )

23          The United States of America, by and through Melinda Haag, United States Attorney, and

24  Charles A. O'Reilly and Katherine Wong, Trial Attorneys, hereby submits its Response in

25  Opposition to Defendant's Motion to Reconsider Defendant's Detention.  Following conviction, the

26  Court released Defendant subject to conditions of release by order filed December 20, 2011 (Docket

27  #242) (Defendant's pleading incorrectly states the order was entered January 20, 2011).  On January

28

1  30, 2012, Pretrial Services notified the Court of a potential violation of the terms of Defendant's

2  release.

3        The Court found after a lengthy hearing held March 9, 2012, that Defendant's actions while

4  on release pending sentencing violated the Court's orders, and further found that Defendant was, and

5  would continue to be, a danger to the community.  The circumstances have not changed such that

6  Defendant can show he no longer poses a danger to the community.  To the contrary, Defendant's

7  actions since being remanded further illustrate the dangers Defendant poses.  Pursuant to Federal

8  Rule of Criminal Procedure 46(c) and Title 18, United States Code Section 3143(a), the burden is on

9  the defendant to establish by clear and convincing evidence that he is neither a risk of flight nor a

10  danger to the community.  Accordingly, the United States respectfully requests that the Court deny

11  Defendant's Motion to Reconsider and affirm the Court's finding that Defendant should be detained

12  pending sentencing.

13  **I.**

14  **INTRODUCTION**

15        The United States incorporates herein the Government's previous pleadings relevant to the

16  detention order, including Government Motion to Detain Defendant Pending Sentencing [Docket

17  #254], and United States Reply to Defendant Lighter's Opposition to the United States Motion to

18  Revoke Release Order for Defendant Lighter [Docket #265].

19  **A.**     **Detention Hearing on March 9, 2012**

20        During the hearing on March 9, 2012, following the Government's and Defendant's

21  presentations of evidence and argument, the Court found that there were "changed circumstances."

22  Transcript of detention hearing, Docket #363, at 61:19.  Specifically, the Court found that Defendant

23  violated the Court's order through suggesting changes in the rents, and "changing of names and

24  officers from Mr. Lighter to the individual who authored the letter to the Court seeking mitigation

25  and explanation. . .."  *Id*. at 61:23 - 62:8.  Based upon the Court's consideration of the evidence

26  presented, the Court found "that Mr. Lighter not only violated the orders of the Court but does pose

27  a risk and a threat.  . . . [H]e is a threat to the safety of the public in general and to the community

28

*Government's Response in Opposition to Defendant's*
*Motion to Reconsider Post-Conviction Detention*
*Case No. 05-215-2-EJD*           2

1   . . ..." The Court then revoked the conditions of release and ordered Defendant remanded.  *Id.* at

2   62:12-20.

3   **B.     Defendant's Conduct Since Being Detained**

4          After his conditions of release were revoked, and despite being incarcerated, Defendant

5   continued to take action with respect to the various business entities that he owned or controlled.

6   These actions include several of the entities as to which Defendant formally purported to divest his

7   interest, such as by ceding his officer or registered agent position to a family member or associate.

8   For example, Defendant has continued to assert that his corporation, Square Root of 25, Ltd., has an

9   interest in the Oregon property.  The Oregon property is currently the subject of litigation between

10  another member of National Trust Services, Ivan Cermak, and the Internal Revenue Service ("IRS").

11  Shortly after Defendant's remand, the IRS filed a civil action seeking to collect on past-due tax

12  liabilities from Cermak.  *United States v. Cermak*, Case No. 12-CV-603-CL (D. Or. Apr. 6, 2012).

13         Although Defendant attested to Pretrial Services and the Court that he was merely signing off

14  on the letter regarding the property, his actions after the March 2012 hearing demonstrate otherwise.

15  From July 9, 2012 through the present, Defendant has submitted more than fifteen filings in the IRS

16  suit against Cermak.  Through these filings, Defendant claims to have an interest in the Oregon

17  property.

18         As described in more detail below, Defendant has also filed documents purporting to open at

19  least three grand jury investigations, both through presentment motions filed in this case, and general

20  presentment motions filed with the Clerk of Court for the Northern District of California.  *See, e.g.*,

21  [Docket #s 286, 288]; *In re Bonano et al.*, 12-CV-2802-SI (N.D. Cal. June 1, 2012); *Lighter v. U.S.*

22  *Grand Juries for the Northern District of California*, 12-CV-5982-SI (N.D. Cal. Nov. 26, 2012);

23  *Lighter v. U.S. Grand Juries for the Northern District of California et al.*, 12-CV-6250-SI (N.D. Cal.

24  Dec. 10, 2012).  With respect to these matters, Defendant continued to file even after being directed

25  by United States District Court Judge Susan Illston that he "should not file any more documents in

26  this closed action."  *In re:  Eric Lighter*, 12-CV-2802-SI, Docket #22.

27  //

28

**II.**

**DISCUSSION**

**A.     Applicable Law**

Title 18, United States Code Section 3143 governs the release of a defendant pending sentencing or appeal.  18 U.S.C. § 3143; Fed. R. Crim. P. 46(c).  In contrast to the statutory presumption that favors release pending trial, post-conviction the Bail Reform Act has a presumption in favor of detention.  *See Morrison v. United States*, 486 U.S. 1306, 1306-07 (1988); *United States v. Abuhamra,* 389 F.3d 309, 319 (2d Cir. 2004); *United States v. Thompson*, 787 F.2d 1084, 1085 (7th Cir. 1986).  Post-conviction, Section 3143(a) provides that court should order detention unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released under section 3142(b) or (c)."  The defendant has the burden of showing that he will not pose a danger to any other person or to the community.  Fed. R. Crim. P. 46(c); 18 U.S.C. § 3143(a)(1).   "Clear and convincing evidence" means "highly probable that the claim [or affirmative defense] is true.  The clear and convincing evidence standard is a heavier burden than the preponderance of evidence standard."  Ninth Circuit Model Civil Jury Instruction 5.2; *see also* Ninth Circuit Model Jury Instruction 1.14.

Contrary to the quoted language in Defendant's Motion for Reconsideration, Title 18, United States Code Section 3145(b) does not set for the standard for reviewing the Court's March 9, 2012 detention order.[1/] Section 3145(b) applies when a person "is ordered detained by a Magistrate Judge, or by a person other than a judge of the court having original jurisdiction over the offense . . ." Because this Court has original jurisdiction over the offense and ordered the defendant detained, Section 3145(b) does not apply.  Accordingly, the Court need not make a *de novo* determination as to whether Defendant should be detained.

In deciding whether a defendant had met his burden of showing by clear and convincing evidence that he will not be a risk of flight nor a danger to the community if he remains in the

---

[1/]     Defendant's motion quoted language comes from 18 U.S.C. §3145(b), which covers detentions ordered by a magistrate judge.

community pending sentencing, courts have considered the defendant's behavior on release, including conduct suggesting the defendant continues to pose a danger to the community.  In this context, "danger" includes economic or pecuniary harm.  *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992).  The Court may also take into account the likelihood that the defendant will continue to engage in the same sort of criminal conduct that formed the basis of his convictions, as well as any disregard for the Court's orders or instructions, such as conditions of release.  *Id.* (taking into account defendant's drug trafficking on release); *see also United States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal. 1979).  In deciding whether the defendant has met his burden of showing that his release will not pose a danger to the community, the court may also consider the (1) defendant's history, (2) the nature of the offenses of conviction convicted, (3) the defendant's behavior during trial, (4) the length of the sentence to which the defendant is subject, (5) the weight of the evidence against the defendant, and (6) the defendant's record of convictions and other criminal activity.  *See, e.g.*, *United States v. Seide*, 492 F. Supp. 164, 166-67 (C.D. Cal. 1980).  For example, in *United States v. Seide*, among the factors the district court considered was the defendant's history as a "committed 'con man,' confidence man," and his history of "utilizing fraud, deception, deceit and every kind of mean trick to defraud persons of their money, including little old ladies of the age of 80 years."  *Id.*   Based at least in part on these factors, the *Seide* court concluded that the defendant "would engage in the same type of fraud, deceit, deception and 'con-activities'" as formed the basis for his conviction, and thus posed a "grave danger to other persons and the community and should not be freed on bail pending appeal." *Id.* at 167.

**B.     Defendant Is a Danger to the Community**

Defendant bears the burden of showing by clear and convincing evidence that his release will not pose a danger to the community.  18 U.S.C. § 3143 and Fed. R. Crim. P. 46.  Defendant has not met this burden, nor shown that the Court's previous findings are clearly erroneous.  To the contrary, Defendant's actions while on post-conviction release, and even after being remanded, emphatically support the Court's finding that Defendant was and remains a danger to the community.

//

Despite the Court's efforts to safeguard the community through carefully-tailored conditions of release, barely a week after the Court discussed these conditions with Defendant, Defendant violated it by sending the December 28th letter.  This letter, which attempted to solicit payment based on an old "note" and alleged sale, is exactly the type of contact with the community that could result in serious pecuniary harm.  Indeed, it was this sort of harm that lead the Government to ask for the business transaction condition of release following Defendant's conviction for wire fraud and conspiracy to defraud the United States.  By its very terms, the letter concerns the payment of rent for a property and/or the reduction of a "note" purportedly held by Defendant's corporation, Square Root of 25.  The Court properly found that this letter violated the Court's order.  Further, Defendant's numerous filings in *United States v. Cermak*, Case No. 12-CV-603-CL (D. Or.) [Docket #s 20, 27, 31, 33, 35, 36, 41, 42, 43, 49, 50, 51, 52, 59, 60, 61, 62, 68, 69 and 70],  show that the December 28th letter was likely a continuation of the same type of fraudulent activity underlying the convictions in this case.

In opposing the United States' efforts to collect taxes owed by Ivan Cermak and his wife, Defendant has asserted an ownership interest in the Selma, Oregon property based on various transactions between Cermak's National Trust Services trust and Defendant's various entities.  When the IRS initiated collection activity against Cermak in the early 2000's, public records for the Selma, Oregon property show that Defendant, by and through his entities, filed documents purporting to sell the property from JI Foundation (the National Trust Services trust) to Defendant's entities, then to encumber the property with purported mortgages.  The transfers and documents themselves are remarkably similar to those filed by Defendant with respect to the Gootnicks.  In the pending case, *United States v. Cermak*, Defendant has sought to intervene and prevent the IRS from collecting the Cermak's tax liabilities.  When his motion to intervene was denied, Defendant appealed the denial to the Ninth Circuit Court of Appeals on December 12, 2012.  That appeal is currently pending. *Cermak*, Case No. 12-CV-603-CL [Docket #70]; *United States v. Ivan Cermak et al.*, Case No. 12-36020 (9th Cir. December 12, 2012).   Defendant's most recent filing in the appeal was on January 2, 2013.  *Cermak*, Case No. 12-36020 [Docket # 4].

In addition to Defendant's attempts to intervene in *United States v. Cermak*, Defendant has attempted to open at least three grand jury investigations, both through presentment motions filed in this case, and general presentment motions filed with the Clerk of Court for the Northern District of California.  *See, e.g.*, [Docket # 286 and 288]; *In re Bonano et al.*, 12-CV-2802-SI (N.D. Cal. June 1, 2012); *Lighter v. U.S. Grand Juries for the Northern District of California*, 12-CV-5982-SI (N.D. Cal. Nov. 26, 2012); *Lighter v. U.S. Grand Juries for the Northern District of California et al.*, 12-CV-6250-SI (N.D. Cal. Dec. 10, 2012).  Even after Judge Illston issued an order dismissing Defendant's presentment motion on July 18, 2012, over the course of the next two months Defendant continued to file pleadings.  Ignoring the Court's order of dismissal, Defendant attempted to add additional parties to his requested investigation, including President Barak Obama, Attorney General Eric Holder, and the Republican National Committee Party.  *In re Bonano et al.*, 12-CV-2802-SI, Docket #12.  On September 10, 2012, Judge Illston directed Defendant not to file any more documents, noting that the case was closed.  Nevertheless, Defendant filed yet another pleading on October 4, 2012.  Docket #23.  Further, despite a Court Order finding and explaining why Defendant lacked power to initiate or require a grand jury to investigate on his behalf, Defendant proceeded to file two more actions in November and December 2012, which similarly demanded action by the grand jury on Defendant's behalf.  These complaints purport to demand that the current grand juries in the Northern District of California investigate Defendant's claims of conspiracy, grand jury tampering, and wrongful remand.  *See Lighter*, 12-CV-6250 [Docket #1]; *Lighter*, 12-CV-5982 [Docket #1].

Far from demonstrating an acceptance of the jury's verdict or remorse for his actions, Defendant's pleadings maintain that he is a victim of a wide-ranging government conspiracy arising from his purported whistleblowing activities.  *See, e.g.*, *Lighter*, 12-CV-2802-SI [Docket #20] ("The government did commit and is still committing fraud on the Courts and felonies in order to wrongfully prosecute and torture Lighter . . ..").[2]

---

[2]  While not a party to the action, Defendant has also filed pleadings in *Williams v. Haag et al.*,
(continued...)

1    In the instant case, Defendant has filed no fewer than fifty *pro se* pleadings, some of which

2    similarly urge this Court to initiate a grand jury investigation into the government's alleged

3    wrongdoing.  These filings were received *after* the Court had instructed Defendant, on numerous

4    occasions, that any pleadings on his behalf had to be filed through his attorney.  Even after the Court

5    granted the government's motion to strike some of Defendant's *pro se* filings [Docket #284],

6    Defendant's actions did not change.  By order dated June 20, 2012, the Court directed that any past

7    and future *pro se* filings by Defendant would be received, but were not being considered.  Docket

8    #310.

9    In addition to his willful disregard for his post-conviction conditions of release, Defendant's

10   actions since being remanded show that Defendant remains a danger to the community.  In addition

11   to actively opposing the United States' efforts to collect back taxes from the Cermaks, Defendant

12   has filed numerous pleadings alleging government wrongdoing. The evidence adduced at trial,

13   particularly with respect to his individual victims, suggests that Defendant's actions since remand

14   represent a continuation of Defendant's fraudulent practices as a "con man."

15   While no longer subject to the Court's post-conviction conditions of release, Defendant's

16   own filings indicate that he may have created additional corporate entities, as well as continues to

17   engage in fraudulent financial transactions.  For example, in a filing dated July 25, 2012, Defendant

18   informed Judge Illston and Judge Alsup that he had directed the tenants of the Selma, Oregon

19   property to pay their rent "to help cover costs of [the grand jury] investigating my Presentment

20   charges."  Defendant also apportions "50% of the rest goes to pay federal taxes, 25% to Judge

21   Davila to bond San Jose Grand Juries." *In re Bonano et al.*, 12-CV-2802-SI [Docket #15].

22   Defendant goes on to refer to a "7-14-2012 actual transaction," which Defendant claims gives him

23   "authority" to handle and demand rent.  Defendant also refers to a new entity, Lighter and Lodging,

24   Inc., which Defendant claims is the new guarantor on the note purportedly associated with the

25

26   _____

         [2]/(...continued)
27   Case No. 12-CV-33310-SI (N.D. Cal. June 27, 2012) [Docket #s 18 and 19].   These pleadings again
     appear to object to Judge Illston's refusal to forward Defendant's motions to the grand jury and/or
28   initiate an investigation of his allegations.

     *Government's Response in Opposition to Defendant's*
     *Motion to Reconsider Post-Conviction Detention*
     *Case No. 05-215-2-EJD*                                    8

Selma, Oregon property at issue in the Cermak litigation.  *Cermak*, 12-CV-603-CL [Docket # 35, at 1-2].  In that same filing, Defendant states that JI Foundation has satisfied the $350,000 note owed to Square Root of 25.  As recently as March 2012, however, Defendant's filings indicated that JI Foundation still had a balance due and owing on this note.  Similarly, Defendant's prior filings in this case and others state that the $350,000 note was between Square Root of 25 and JI Foundation. The change in guarantors of the note on the Selma, Oregon property, as well as JI Foundation satisfaction of the $350,000 note, indicate that Defendant and/or entities he owns or controls, have been involved in financial transactions since he was remanded.

Defendant's filings post-remand show that he continues to attempt the sort of fraudulent financial transactions that have previously concerned both the Court and the government.  Defense counsel addresses none of Defendant's post-conviction behavior.  In the motion for reconsideration, defense counsel posits that the changes to the corporate structure were based on a "responsibility to the shareholders to ensure the continuation of corporate leadership during his incarceration."  What defense counsel omits in this analysis, however, is that the sole shareholders of the corporations in question are Defendant and/or his wife.

Further, in focusing on whether any assets were actually disbursed, the motion overlooks that this Court *also* ordered Defendant not to, "in any way alter the character of any assets he currently owns or has an interest in by virtue of an officer, board, committee, trustee or other position."   The evidence presented at the March 2012 hearing showed that Defendant had "altered the character" of at least four corporations that he owned or controlled by changing the corporate officers and directors.   It is precisely because Defendant's true strategy and purpose cannot be discerned with respect to his transactions that the Court placed explicit restrictions on Defendant, restrictions he chose to ignore.  The evidence adduced at trial shows that Defendant uses and often acts through his corporations to commit his crimes.  Accordingly, the Court properly relied on the changes and actions with respect to these same corporations in remanding Defendant.

The evidence presented at trial only reaffirms that failure to detain Defendant would pose a danger to the community.  As discussed in the government's previous briefing on detention, the

testimony of Defendant's clients at trial established that Defendant engaged in a systematic scheme to defraud them of their money and real property.  Despite clear warnings from the Court, Defendant has continued to engage in the same sort of conduct underlying the convictions in this case, acted in blatant disregard of his post-conviction conditions of release, and willfully attempted to mislead the Court regarding the circumstances of his misconduct.

The additional conditions proposed by defense counsel underscore that Defendant presents a danger to the community and cannot be trusted.  The proposed conditions rely on monitoring, rather than Defendant's compliance, to prevent misconduct and protect the public.  Further, the proposed conditions illustrate the difficulty of monitoring, detecting, and preventing Defendant from taking actions that harm the public or the community.  Docket # 405, at 6 (suggesting that pretrial services monitor Defendant's telephone records, computer records, and electronic mail). Even an active criminal investigation would struggle to find the resources to undertake the sort of monitoring that the defense counsel proposes; it is unreasonable to expect pretrial services to do so.

Defendant's well-documented history of failing to heed or abide by orders of this Court or any court demonstrate the futility of attempts to monitor Defendant's behavior; releasing Defendant would endanger the public.  Defendant has consistently demonstrated he will not abide by any such instruction.  Indeed, as referenced in the Government's previous pleadings, many of Defendant's crimes for which he stands convicted were committed while he was under supervision from the State of Hawaii for a now-expunged conviction.  *United States' Reply to Defendant Lighter's Opposition*, Docket # 265 at 2 fn. 2.

## III.

## CONCLUSION

For the reasons stated, the Court should deny Defendant's motion for reconsideration and reaffirm Defendant's detention pending sentencing.  Following the previous detention hearing, this Court properly found that Defendant failed to establish by clear and convincing evidence that he would *not* pose a danger to the community if he remained on release, and there are no changed circumstances that warrant a different determination.  To the contrary, Defendant's actions since

remand confirm that Defendant cannot be trusted to abide by any condition, or combinations of

conditions that this Court could devise, and that he remains a danger to the community.


DATED:        January 7, 2013


                                        Respectfully submitted,

                                        MELINDA HAAG
                                        United States Attorney

                                         _/s/ Charles A. O'Reilly_____
                                        CHARLES A. O'REILLY
                                        Trial Attorney

                                         _/s/ Katherine L.Wong_____
                                        KATHERINE L. WONG
                                        Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Jay Rorty, Esq.
Law Offices of Jay Rorty
831 California Street
Santa Cruz, CA 95060
jayrorty@gmail.com

Counsel for Eric Aaron Lighter

_/s/ Charles A. O'Reilly_____
CHARLES A. O'REILLY
Trial Attorney