JAY RORTY [SBN: 135097]
Law Offices of Jay Rorty
835 Cedar Street
Santa Cruz, CA 95060
jay@rortylaw.com
Tel: 831-316-0722

Attorney for Defendant Eric Aaron Lighter

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC AARON LIGHTER<br><br>    Defendant | Case No.: CR-05-00215-EJD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE AND SEAL MEMORANDUM OF JERRY FONG REQUEST FOR EXPIDITED RULING**<br><br>Date:<br>Time:<br>Dept.: Hon. Edward J. Davila, Courtroom 4 |

TO: TO THE CLERK OF THE ABOVE-ENTITLED COURT, UNITED STATES OF AMERICA, PLAINTIFF, CHARLES O'REILLY AND KATHERINE WONG, ASSISTANT UNITED STATES ATTORNEYS.

PLEASE TAKE NOTICE that Defendant Eric Lighter hereby moves the court for an Order striking an attachment to the government's Opposition to Defendant's Motion for New Trial, a Memorandum to Interested Parties, by trial counsel Jerry Fong. This Motion is made on the basis that the Memorandum does not conform to Local Rules of Court, that the contents violate Attorney Client Privilege as to attorney client communications and work product and that the communication violates trial counsel's duty of loyalty to Mr. Lighter/

Dated:                                           Respectfully submitted,

_____\S_____

Jay Rorty

Counsel for Defendant Eric Aaron Lighter

**Memorandum of Points and Authorities**

## I.

## INTRODUCTION

The government's Opposition to the defendant's motion for new trial was filed with an attached Memorandum from trial counsel Jerry Fong. The Memorandum is neither signed nor sworn to by an affiant. The Government's pleading describes it only as "Mr. Fong's memorandum, dated April 15, 2013 and provided to the United States on that date, demonstrates Defendant's motion is unwarranted." The government's opposition relies on the substance of the Memorandum to support the government's contention that trial counsel provided effective assistance. The memorandum contains privileged material, does not conform to the pleading requirements of the Local Rules. Based on the sensitive nature of the information and the need for undersigned counsel to form an appropriate Reply to the Government's Opposition, Mr. Lighter requests an expedited ruling on this request prior to May 6, the date Mr. Lighter's reply is due.

## II.

## THE MEMORANDUM DOES NOT COMPLY WITH LOCAL RULES GOVERNING ATTACHMENTS, DECLARATIONS AND AFFIDAVITS

The Northern District of California Criminal Local Rule 47-2 (b) and (d) provide as follows:

> Noticed Motion in a Criminal Case
>
> **(b) Format.** Except as otherwise specifically provided, the format of motions shall comply with the requirements of Civil L.R. 7-2(b) and (c). Motions presenting issues of fact shall be supported by affidavits or declarations which shall comply with the requirements of Civil L.R. 7-5.
>
> **(d) Opposition or Reply.** Any opposition to a noticed motion shall be served and filed not more than 7 days after the motion is filed. Any reply shall be served and filed not more than 4 days after the opposition is due. Any opposition or reply shall comply with Civil L.R. 7-3(b), (c) and (d); 7-4 and 7-5, with respect to

1 | format and length unless otherwise ordered.
2 | Local Civil Rule 7-5, referenced above provides:
3 |     Affidavit or Declaration
4 |     **(a) Affidavit or Declaration Required.** Factual contentions made in support of
5 |     or in opposition to any motion must be supported by an affidavit or declaration
6 |     and by appropriate references to the record. Extracts from depositions,
7 |     interrogatory answers, requests for admission and other evidentiary matters must
8 |     be appropriately authenticated by an affidavit or declaration.
9 |     **(b) Form.** An affidavit or declarations may contain only facts, must conform as
10 |     much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid
11 |     conclusions and argument. Any statement made upon information or belief must
12 |     specify the basis therefor. An affidavit or declaration not in compliance with this
13 |     rule may be stricken in whole or in part.
14 | Federal Rule of Civil Procedure 56(e) referenced above provides:
15 |     (e) Failing to Properly Support or Address a Fact. If a party fails to properly
16 |     support an assertion of fact or fails to properly address another party's assertion of
17 |     fact as required by Rule 56(c), the court may:
18 |     (1) give an opportunity to properly support or address the fact;
19 |     (2) consider the fact undisputed for purposes of the motion;
20 |     (3) grant summary judgment if the motion and supporting materials — including
21 |     the facts considered undisputed — show that the movant is entitled to it; or
22 |     (4) issue any other appropriate order.
23 |     The Memorandum of Jerry Fong attached to the Government's Opposition fails to meet
24 | the above criteria in several respects. It does not contain "only facts" as required by Rule 7-5(b).
25 | It does not "avoid conclusions and argument" as described in Rule 7-5(b). It appears to be an
26 | offer of evidence to the court, as the substance of the Memorandum is referred to and serves as
27 | the basis for arguments in the Opposition. However, it is neither an Affidavit nor a Declaration.
28 | It is not signed. It is not sworn and it does not allege that the contents are based on information

and belief.

Civil Local Rule 7-5 provides that "An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." The Court should exercise its authority pursuant to Rule 7-5 and strike the Memorandum.

As a result of the defects in the Memorandum, all arguments in the Government's Opposition that reference or in any way derive from the Memorandum must be stricken and not considered by the Court, as they are unsupported factual statements.

### III.
### THE MEMORANDUM CONTAINS CONFIDENTIAL COMMUNICATIONS, PROTECTED WORK PRODUCT AND VIOLATES TRIAL COUNSEL'S DUTY OF CONTINUING LOYALTY. IN ORDER TO PROTECT MR. LIGHTER'S INTEREST IN THE PRIVILEGE THE MEMORANDUM SHOULD BE STRICKEN AND SEALED.

Mr. Fong's Memorandum must be stricken and sealed because the contents violate his onging duty to maintain client confidences and to remain loyal to the interests of his former client. While a claim of ineffective assistance may operate as a waiver of privilege and loyalty, the waver is neither automatic nor open ended. The mere filing of a pleading containing allegations of ineffective assistance of counsel does not alone waive any applicable privilege. Rather, the extent of the waiver of the privilege, if any, can only be defined by a judicial officer in the context of an evidentiary hearing. Consequently, until then, the privilege should be maintained.

An attorney owes a continuing duty of loyalty to a client following the termination of the representation. American Bar Association Standard **Rule 1.9 (c) describes an attorney's duties to former clients**:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The ABA Standards create an exception to this general rule.

***Client-Lawyer Relationship*** **Rule 1.6 Confidentiality Of Information**

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph

(b) A lawyer may reveal information relating to the representation of a client to the extent the

(5) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

While Rule 1.6 would suggest that a waiver may be found in this case, the most relevant ABA statement on this issue makes clear that Mr. Fong's Memorandum constitutes a premature disclosure of protected material.

ABA Formal Opinion 10-456 **Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim**

Against this background, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable. It will be rare to confront circumstances where trial counsel can reasonably believe that such prior, ex parte disclosure is necessary to respond to the allegations against the lawyer. …….
If the lawyer's evidence is required, the lawyer can provide evidence fully, subject to judicial determinations of relevance and privilege that provide a check on the lawyer disclosing more than is necessary to resolve the defendant's claim. In the generation since *Strickland,* the normal practice has been that trial lawyers do not disclose client confidences to the prosecution outside of court-supervised proceedings. There is no published evidence establishing that court resolutions have been prejudiced when the prosecution has not received counsel's information outside the proceeding. Thus, it will be extremely difficult

for defense counsel to conclude that there is a reasonable need in self-defense to disclose client confidences to the prosecutor outside any court-supervised setting.
ABA 10-456 p.5

While the general exception may have application in this case, ABA Formal Opinion 10-456 demonstrates that an attorney may not unilaterally decide that the privilege has been waived and publish otherwise privileged material to an opposing party to the detriment of his client. To do so violates the duty of loyalty and confidentiality.

A number of cases from the Habeas context illustrate both the general principle that a claim of ineffective assistance creates a waiver and that the waiver must be reviewed and ratified by a court prior to disclosures.

The attorney-client privilege may be waived when a habeas petitioner raises a claim of ineffective assistance of counsel as to matters put in issue by the claim. *Bittaker v. Woodford*, 331 F.3d 715, 718-721 (9thCir. 2003) (en banc); *United State v. Amlani*, 169 F.3d 1189, 1191-1196 (9th Cir. 1999).

However, the waiver of the privilege is limited by the scope of the claim. Courts are bound to "impose a waiver no broader than needed to ensure the fairness of the proceedings." *Bittaker*, 331 F.3d at 720. The touchstone is fairness: "an overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." *Home Indemnity Company v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995), quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581(E.D. Wash. 1975); see *In re Von Bulow*, 828 F.3d 94, 102-103 (2nd Cir. 1987).

The work-product privilege is a separate, but related, privilege. Like the attorney-client privilege, the work-product privilege can be waived by certain types of ineffective assistance of counsel allegations, but only as to matters actually put in issue by the petitioner. See, e.g., *Osband v. Woodford*, 290 F.3d 1036, 1038 (9th Cir. 2002). Under Federal Rule of Civil Procedure 26(b)(3), the work-product privilege protects documents from disclosure unless the party seeking disclosure "has substantial need of the materials in the preparation of the party's case and . . . is unable without undue hardship to obtain the substantial equivalent of the

1  materials elsewhere." See also California Code of Civil Procedure section 2018.030 [allowing
2  disclosure if there is "unfair prejudice" or "injustice"]. Once again, the "overarching
3  consideration" is fairness: whether the government has demonstrated that it can only fairly
4  respond to petitioner's allegations by having access to the materials otherwise protected by
5  privilege.
6  　　These cases illustrate both the general rule that an ineffective assistance claim may
7  operate as a waiver, but more importantly for this court's purposes, the more specific principle
8  that before privileged material can be disclosed, prior counsel and/or the party seeking to make
9  use of the otherwise privileged material must seek an order from the court ruling on the existence
10 and scope of any waiver.
11 　　Mr. Fong's provision of the Memorandum to the government and the government's use
12 of the memorandum are improper because they leap over the critical step of a judicial
13 determination as to whether a waiver has occurred, the scope of the waiver and the limitations on
14 the use of the material as to which privilege and the duty of loyalty has been waived.
15 　　Mr. Lighter requests an expedited ruling on this matter because his reply to the
16 Government's opposition is due May 6, 2013. The contents of the reply will necessarily be
17 affected by whether Mr. Lighter is obliged to respond to the contents of the Memorandum.
18 Therefor, Mr. Lighter seeks a ruling on the instant Motion prior to May 6,
19 　　The Court should grant this motion and then provide the parties a further opportunity to
20 brief the issues raised by Mr. Lighter's claim of privilege and objections to the disclosure that
21 has already occurred.

## IV.
## CONCLUSION

Based on the foregoing, Mr. Lighter respectfully asks this court to grant his motion to strike and seal the attachment to the government's Opposition, the Memorandum of Jerry Fong.

Dated: 　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　_____\S_____

Jay Rorty

Counsel for Defendant Eric Aaron Lighter