ERIC LIGHTER
12010880/EBN727
SANTA CLARA MAIN JAIL #347E
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110 pro se

RECEIVED
DEC 13 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

U.S. DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA AT SAN JOSE

U.S. v. ERIC LIGHTER )  Case No. 05-215-EJD

ADDENDUM TO APPEARANCE PRO SE,
STATEMENT RE: CONFESSIONS

COMES NOW, Eric Lighter, pro se ("EL"), and hereby submits this Addendum to EL's Appearance Pro Se, received 12-9-2013. EL still seeks pro se status herein[1] or counsel who will honor EL's related confessions, see attached Statement Re: Confessions.

A comparison of this case to U.S. v. Barry L. Bonds, CA9 appeal en banc No. 11-10669, is a good example of two different applications of the same law, 18 USC §1503 (obstruction of justice); where the crux of the confessions matters herein was also coped with in the same Court as U.S. v. Bonds was ruled by. Bonds was convicted for statements to a Grand Jury ("GJ") that "could" mislead same. In contrast to this "hair trigger" conviction, EL confessed to 18 USC §1503 to the GJ but can not get more than impermissible bias in return. Bonds relies most on two cases, first is U.S. v. Aguilar, 515 U.S. 593, 600, 115 S.Ct. 2357 (1995), which relies on the need for nexus between the subject act and administration of justice; and second U.S. v. Rasheed, 663 F.3d 843 (CA9, 1981), which ascribes liability for merely the "endeavor" to obstruct justice. EL's case is more than nexus and mere endeavor. Perhaps Christians (EL) and celebrities (Bonds) are despised classes ruled by different applications of law. Finally, the standard of review for GJ confessions is no more than the GJ standard of only probable cause, which EL well meets; thus again confirming the great bias against Judeo-Christian confessions; hopefully no longer in the instant case.

[1] in full

12-12-2013    E. Lighter
              ERIC LIGHTER, pro se

## STATEMENT RE: CONFESSIONS

I, Eric Lighter, hereby assert this statement in order to add detail re: the locations of key Judeo-Christian felony confessions, (1) see the 11-14-2013 Second Errata Refiled and 9-20-2013 Amended Opening Brief, in Lighter v. U.S. Grand Juries, NDCA, et al., CA9 appeal No. 13-15876, (2) and other locations, e.g. 4-12-2012 Declaration (6 pages) in Grand Jury Case No. 1, held in the misc. file herein, et seq. therein.

My co-defendant Sam Fung's extensive three mid-October 2005 Affidavit docketed herein (look at the main case file herein) as a motion but was mainly a confirmation and supplement of the 5-1-2002 felony confession(s) and demand for Grand Jury ("GJ") review in Omnibus Return ("OR") signed by Fung and me. The 2002 confession(s) were confirmed and supplemented by Fung's mid-2003 Affidavit, which was confirmed at trial herein by Fung and/or me. Said 2002 OR's first section was my defense exhibit "A", barred at trial. I gave input for part of said 2003 Affidavit. The 2005 motion was withdrawn but not the confession(s) or demand for GJ review; and these documents are still on the record herein. I consented to the 2003 and 2005 supplements since I then believed same described possible prosecutorial misconduct against Fung and potentially and/or actually me as well, including against said 2002 confessions, and my whistleblowing re Dixon v. Comm., 316 F.3d 1041 (CA9 2003). I consented to the 2003 and 2005 supplements subject to (1) my not vouching for all added facts, and (2) not waiving the exclusive ownership of my confession(s) by the GJ. All said confessions were stolen by GJ bailees, as were those in the April 2004 Gootnick OR, those on my 8-25-2010 Discovery CD, in certain tax returns I sent sole GJ witness Kenneth Bonano of IRS-CIO, and in said GJ Case No. 1. See also my S.E.C. Debenture Notice at govt. pleading requesting that I stop disclosing via tax returns (the Court ordered me to stop filing tax returns) at (about) Dkt. #195 herein, and my whistleblowing late November 2011 letter to the Court (which then ordered me stop making pre-trial whistleblowing disclosures) at (about) Dkt. #252 herein; and elsewhere.

Said theft was concealed from all grand and petit juries (by GJ bailees), who had a right to know; especially the GJs since it was/is their property stolen. The 3 subject CA9 appeals I have redundantly disclosed, and therein incorporated cases explain the resulting prejudice and how I did not and could not receive a fair indictment and trial. It is my First and Fifth Amendments right to make said Judeo-Christian confessions.

The original GJ bailees' scheme of retaliation, fraud, etc. later added the Oregon $2 million tax fraud scheme, and same after Mr. Bonano, et al. "disappeared"[1] 3 "crucial to me" tax returns which act included "fake" official IRS records causing "fake" gov't. trial exhibits. It is believed that such bias is sourced by the GJ bailees and not the Court(s).

Some confessions and/or supplements are repeated for refreshment thereof. I joined the subject scheme no later than about 1-2010, see GJ Case No. 1.

The above is according to my recollection.

My Judeo-Christian confessions are not self-proving of insanity my counsel has now published. Also, my belief in the presence in my life of an individual personality guiding me may be a reason for any failure by me of any secular competency test; but the Holy Spirit is a real person of the orthodox Christian triune Godhead, John 16:13-15, Mat. 12-32, but the bias is palpable. This statement is the sole property of the Grand Juries, NDCA; request is hereby made on GJ bailees to deliver same (pursuant to 18 USC § 3332(a)) to said GJ.      12-12-2013      *[signature]*
ERIC LIGHTER

---

[1] discovered post-trial

* U.S. v. Lighter, CR NO. 05-215-EJD
USDC, NDCA-SJ

STATEMENT
- 2 of 2 -



ERIC LIGHTER
1201088010BN727
SANTA CLARA MAIN JAIL #347E
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110

County Jail Generated
Inmate Mail

HONORABLE JUDGE E.J. DAVILA
U.S. DISTRICT COURT
280 S. FIRST ST.
SAN JOSE, CA 95113