ERIC LIGHTER
12010880 IEBN727
SANTA CLARA MAIN JAIL #347E
885 N. SAN PEDRO ST
SAN JOSE, CA 95110, pro se

RECEIVED DEC 31 2013 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

## U.S. DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA AT SAN JOSE

U.S. v. ERIC LIGHTER )   Case No. 05-215-EJD

SECOND ADDENDUM TO APPEARANCE PRO SE

COMES NOW, Eric Lighter, pro se ("EL"), and hereby submits this addendum to his Appearance Pro Se herein received 12-9-2013. Incorporated herein by this reference as if reprinted herein are,

a) said Appearance Pro Se (2 pages);

b) Addendum To Appearance Pro Se; Statement Re: Confessions, herein received 12-13-2013 (3 pages);

c) Addendum To Jesus Brief; Exhibits; COS, submitted 12-14-2013 in U.S. v. Bonds, CA9 appeal No. 11-10669; exhibits are items "a" and "b" above (1 page, 6 pages total); and

d) Addendum To Notice of Related Case; Exhibit; COS, submitted 12-18-2013 in Lighter v. U.S. Grand Juries, NDCA, et al.;① exhibit is item "c" above (2 pages, 8 pages total).

Items "c" and "d" further explain the material prejudice against EL which caused EL to not receive or not being able to receive a fair indictment and trial herein, and to receive wrongful remand. Item "c" continued the analysis of item "b", and item "d" continued the analysis of "c". To continue "d", recall that the 10-4-2011 indictment taken to trial (Dkt. #199-1 herein) was issued after most confessions were delivered to Grand Jury ("GJ") bailees to forward to GJs. As there were four indictments in a series from about May 2005 (first one Fung only), it would be difficult to show better "nexus" between act and administration of justice, U.S. v. Aguilar, 515 U.S. 593, 600, 115 S.Ct. 2357 (1995), for acts confessed to. Said acts are the same, and/or similar and/or related to those acts named in said indictments and/or related documents; but said

① CA9 appeal No. 13-15876

-1-

confessions begin long before the first indictment. That is because the confessions are religious devotions which are dishonored, mocked and punished in impermissible bias, even subject to felony theft by GJ bailees. Not only is the prosecutorial misconduct, if it had been revealed, enough to have changed the verdicts of the grand and petit juries (the definition of material prejudice), same is enough to dismiss the indictment, U.S. v. Samango, 607 F.2d 877, 880-81 & n6 (CA9, 1979), including,

1) GJ bailees commiting crime to conduct entrapment type prosecution/retaliation [2]
2) falsifying official IRS records and trial exhibits/documents,
3) false vouching of witness to GJ,
4) religious discrimination, U.S. v. Rasheed, 663 F.2d 843, 847 (CA9, 1981), First Amend. U.S. Const.
5) causing wrongful remand, and more.

   EL's confessions are logical to Jews and Christians. Repentance is a sub-set of confession. Repentance is required by God because He is holy. Confession to the one qualified to issue charges is logical, and scriptural as to reconciliation and righteousness. GJs alone have jurisdiction to issue secular charges. The felony theft of GJ confessions may be the most serious of crimes since it is "structural," Vasquez v. Hillary, 474 U.S. 254, 261-64, 106 S.Ct. 617 (1986); "structural" especially since the GJ are secret and thus hard to track such theft. Even so, add to this the two applications of law shown by comparing the instant case to U.S. v. Bonds, an en banc appeal, CA9 Case No. 11-10669, which comparison is analyzed therein, herein, in said CA9 Case No. 13-15876 and cases incorporated therein; all incorporated herein (again) by this reference.

   Yet, such GJ "tampering" as theft of confessions is likely widespread since same is done in GJ secrecy.

   Beyond the 12-12-2013 Statement Re: Confessions herein, EL notes that he agreed with all acts done by IRS, et al., including,

---

[2] whistleblowing backlash, re: Dixon v. Comm., 316 F.3d 1041 (CA9 2003)

1) expressly so in the subject 2002 and 2004 Omnibus Returns ("OR");

2) expressly so in a number of documents to IRS-CID, found in EL's 8-25-2010 Discovery CD and tax returns sent to IRS-CID/Bonano;

3) by written and oral agreement given to and accepted by Bonano, in gov't. discovery CD, and testified to in part by Bonano, for late March or early April 2006; and

4) by policy declaration in website uscoco.com, a gov't. trial exhibit testified to in part by EL at trial; and more.

By the time of the mid-October 2005 Fung Affidavits filed herein, EL knew (1) that the confessions in the 2002 and 2004 ORs had doubtless been stolen by GJ bailees, and (2) rogue gov't. attorneys/agents had a corrupt scheme at least against Fung and probably/possibly EL also. Tim Richardson was Fung's legal advisor and key player in the Oregon $2 million tax evasion scheme, and he also then knew.

EL expressly agreed to joining the Oregon scheme (see GJ Case No.1 EL 4-13-2012 Declaration) in part about 8-2008, so as to not cause upset. EL agreed in whole to joining the whole scheme about 1-2010 because EL was "scared" of more corruption against EL, et al., see said 4-12-2012 Declaration, et seq.

EL did certain acts in furtherance of confessed to acts and/or omissions.

Confession to conspiracy is similar to whistleblowing. The above 17 lines are the sole property of the NDCA Grand Juries. The GJ bailees are requested to forward said 17 lines to the NDCA-GJs together with the subject confessions, including pursuant to 18 USC § 3332(a). Item "6" on page 1 above notes how EL's confessions were blocked, which were likewise blocked at trial, and even to the present. See Dialectic at p. 4 of EL's 10-11-2013 First Addendum in CA9 No. 13-15876. At present, Judeo-Christian felony confessions are barred (or deemed insane) in this Circuit, and stealing same is systemically protected; while Bonds is a hair trigger conviction. EL prays for this Court's wisdom, I Kings 3:11-12.

12-26-2013   *[signature]*

ERIC LIGHTER, pro se

-3-



ERIC LIGHTER
1310880 1EBN727
SANTA CLARA MAIN JAIL #947E
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110

SAN JOSE CA 951
27 DEC 2013 PM 4 L

HONORABLE JUDGE E.J. DAVILA
U.S. DISTRICT COURT
280 S. FIRST ST.
SAN JOSE, CA 95113

County Jail Generated
Inmate Mail

9511333002