ERIC LIGHTER
12010880/EBN727
SANTA CLARA MAIN JAIL #347E
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110 prose

RECEIVED
JAN 28 2014
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

U.S. DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. v. ERIC LIGHTER )   Case No. CR No. 05-215-EJD

FOURTH ADDENDUM TO APPEARANCE PRO SE;

SUMMARY OF BIAS

COMES NOW, ERIC LIGHTER, pro se ("EL"), and hereby submits this fourth addendum to EL's Appearance Pro Se received 12-9-2013 herein, and supported by the attached Summary of Bias, of even date hereof.

1-24-2014    *[signature]*
             ERIC LIGHTER, pro se

I, Eric Lighter ("EL"), assert as follows:

The Grand Juries ("GJ") are independent bodies, "a constitutional fixture in its own right," Navarro-Vargas v. U.S., 408 F.3d 1184, 1199 (CA9, 2005), citing U.S. v. Williams, 504 U.S. 36, 47, 112 S.Ct. 1735 (1992). However, the GJ needs "arms" to operate, U.S. v. Aguilar, 515 U.S. 593, 600, 115 S.Ct. 2357 (1995) since it has limited mobility and operates in secret. Its "arms" are the GJ bailees, which are specific gov't. attorneys/agents who are so placed by structural convenience or necessity; or by 18 USC § 3332(a). The Fifth Amendment specifically limits jurisdiction to issue federal felony charges to the GJ alone, pursuant to either "presentment or indictment." As much as the gov't. tries, it has not changed the legality or first placement of presentment; which is especially appropriate to use in the case of corruption by GJ bailees. Likewise, 18 USC § 3332(a) is also still the law of the land, Sargent v. Dixon, 130 F.3d 1067, 1070 (D.D.C. 1997). The GJ bailees' role with GJ is a subset of agency, but larger than mere bailee. Second Restatement of Agency § 1.01 cmt. c. says there are 10 factors to consider re agency, and clearly the GJ bailees do not fit a business agency relationship but rather more like a nurse or aide to a competent but armless judge of a Court more independent than the FISA Court; a purely Constitutional Court. However placed, the GJ bailees are in a position of great responsibility to the GJ, and their felony theft of EL's Judeo-Christian felony confessions and evidence to (and property of) GJ is not only theft but bias against religious devotions and practice. It is also variously ruled on without impartiality but rather with impermissible bias, see U.S. v. Bonds, CA9 en banc appeal No. 11-10669. Add to that other felonies by GJ bailees detailed on the full record, and my joining the subject scheme must be considered serious. Thwarting and blocking said confessions and their evidence from GJ has the same effect as stealing same. Yet said armless judge

is really a committee of citizens who are not liable for judicial determinations only, Navarro-Vargas, supra. at 1201, but could be liable for bad and/or illegal acts, including those of its "agents" the GJ bailees. Those bad acts include the GJ bailees' theft of EL confessions and supporting evidence and/or allowing same, especially in bias and malicious infliction of injury that is apparently long extant. Injury includes not receiving and inability to receive a fair indictment and trial, wrongful remand, religious discrimination/persecution, and more.

In re Wells Fargo, dba Lighter, U.S. Sup. Ct. No. 94-2094, incorporated and adopted herein in full (a gov't. trial exhibit) in order to support the application of presentment as a legitimate way to turn over EL and his confessions/evidence to GJ, should be reviewed (including confessions therein). In re Lighter did, inter alia, whistleblow on the villain (William Sims) and rogue IRS attorney/agent excoriated in Dixon v. Comm., 361 F.3d 1041 (CA9, 2003), one of the nation's largest IRS scandals (the IRS Commissioner had to personally apologize to Congress). In re Lighter available for years on the Christian website www.uscoco.com (a gov't. trial exhibit). It is logical that EL should be able to turn himself in to the party with the sole jurisdiction to issue charges, and do so without unreasonable hurdles and techicalities, even when the gatekeepers (GJ bailees) are also the offenders. The standard of review for GJ is only probable cause, and the bar to "turn oneself in" should be no higher. The standard for liability for GJ's "known or should be known" generally fails due to GJ secrecy. Since all confessions were pursuant to 18 USC § 3332(a), they were all legally delivered, and illegally stolen by GJ bailees, and otherwise impermissively blocked and thwarted. More results are a gov't. mandate against Jews and Christians, against confessions, and

various crimes, retaliation, punishment, and persecution against EL for his religious devotions and Christian faith. Even his attorney directly mocks① in a recent brief herein EL's modeling his confessions after Jesus Christ and EL's correct Bible citations as being self-proving of EL's insanity. Such is the "hate crime" type environment in at least parts of the Ninth Circuit. The misc. file herein will show that for about one year this Court has failed to cure the ill that EL's attorney seemingly has not seen EL's or any trial or requested exhibits.

Yet, in subtle but real blocking and thwarting of Judeo-Christian confessions, this Court will neither give EL unbigoted (not anti-Christian) counsel that will even consider EL's confessions and evidence, nor order same, nor now allow EL to represent himself. This is important since said confessions being blocked are to and property of GJs.

With such bias by this Court and in such an environment of bias, it is no wonder that the theft of GJ confessions continued during this Court's "watch," even before and in the 10-4-2011 GJ hearing that yielded the indictment, Dkt. #99-1, that trial was held on. This Court has steadfastly refused to provide EL with counsel re felony confessions even though similar and/or related to the indictment charges, and despite EL's protests to this Court of bad acts/scheme by GJ bailees, et al. (incl. EL) from before the indictment and trial, see gov't. brief with EL tax return attached (with S.E.C. Debenture Notice attached) at about Dkt. #195 herein (about October 2011), EL letter to this Court at about Dkt. #252 (November 2011), GJ Case No. 1 in the misc. file herein, as well as the 3 Fung Affidavits on the main file docket about mid October 2005.

---

① dated 12-2-2013, pp 27-28

EL's counsel and apparently this Court decided EL's Christian devotions proved that he was insane despite being solidly Bible and logic based. The experts mainly based their opinions on EL's early investigative work. However, those are well documented in In re Lighter, which names a plethora of specific supporting recorded documents, e.g. (1) EL gained his best personal inspirational guidance from Jesuit Rev. Bill Davis, lead investigator for the Christic Institute, then the leading civil rights advocacy, and (2) EL was national chairman for U.S. Presidential candidate Lt. Col. Bo Gritz (Indep. who came in 5th). In both capacities EL led productive investigations into a number of national scandals. EL's later investigations (i.e. Hawaiian rights) were also comprehensive with findings also on public record. Yet, even though it appears that the decision that EL was insane, because of his Judeo-Christian devotions, before any "expert" opinions mis-stated EL's factual history, and/or that EL is a part of a despised class (i.e. Bible believing Christians), EL believes the bias is sourced by GJ bailees and not any judge.

    EL uses the ordinary definition of theft used above: taking and/or keeping property of another (GJ) without their knowledge or consent. Of course the misc. file herein will show that this Court was asked many times to let EL's felony confessions go to the GJ but with the responses noted above. Bonds shows the bias is not isolated within the NDCA, just as EL also showed in U.S. v. Cermak, CA9 appeal No. 12-36020, that the bias is not isolated in the 9th Circuit. Surely the bias is real, as other classes not so despised certainly would have their confessions forwarded to GJ by GJ bailees, e.g. Muslims, Satanists, gay/lesbian groups, polygamy groups, animal rights groups, etc.; just not Christians and Jews who confess; that is, it is inappropriate to offend those other groups, but no so EL's group, is the nature of the bias.

Beyond the speculation, however, and regardless of which group one is from or why one confesses, the theft of felony confessions to GJ would be material prejudice to that person. Although the GJ will probably seldom be as sophisticated as the gov't, they will know what a confession is generally and what it generally means, and they would recognize it as a verdict changing event, just as they would any theft of a confession, and probably likewise any blocking or thwarting of same if not concealed from the GJ. Theft of confessions for religious bias just makes the verdict changing material prejudice worse. The same is also true for the trial jury, especially since a key thief was the sole GJ witness and key gov't trial witness (Bonano, the actual GJ investigator/bailee). EL brought these matters re bias to the same Court as in Bonds, but met with the same bias, Lighter v. U.S. GJ, NOCA, et al., CA9 No. 13-15876, Bonds, CA9 No. 11-10669; plus EL actually met even worse bias, e.g. two applications of law.

In other words, the Judeo-Christian felony confessions also act as a reasonably objective "bias meter," measuring the bias herein, in Bonds and elsewhere. Barry Bonds, for example, could not have received fair treatment in his case according to the "bias meter." Also, EL gave the actual facts of his case in GJ Case No. 1 herein according to the "bias meter," which measures bias by measuring responses to said confessions, like radar, i.e. blocking, thwarting and/or stealing said confessions show bias in proportion to the intensity of same. GJ bailees must be the subject thieves herein, Am Jur 2d, Adverse Possession §167, Bailor and Bailee, Job 41:11.

1-24-2014  E Lighter
ERIC LIGHTER, pro se

ERIC LIEDER
1201098061EBN727
SANTA CLARA MAIN JAIL #3418
885 N. SAN PEDRO ST.
SAN JOSE CA 95110



**County Jail Generated Inmate Mail**

HON. JUDGE EJ DAVILA
US DISTRICT COURT
280 S. FIRST ST.
SAN JOSE CA 95113