1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9        SAN JOSE DIVISION
10   UNITED STATES OF AMERICA,                    CASE NO. 5:05-cr-00215 EJD
11                                                **ORDER RE: TREATMENT OF**
                       Plaintiff(s),             **DEFENDANT FOR RESTORATION TO**
12       v.                                       **COMPETENCY PURSUANT TO 18 U.S.C.**
                                                  **§ 4241(d)**
13   ERIC AARON LIGHTER,
14
                       Defendant(s).
15   _____/
16        Defendant Eric Aaron Lighter ("Defendant") was convicted on December 20, 2011, of eight

17   counts of wire fraud in violation of 18 U.S.C. § 1343, three counts of witness tampering in violation

18   of 18 U.S.C. § 1512, three counts of blackmail in violation of 18 U.S.C. § 1873, and one count each

19   of conspiracy to defraud the United States, conspiracy to commit wire fraud, and conspiracy to

20   commit blackmail and witness tampering, all in violation of 18 U.S.C. § 371.  See Docket Item No.

21   244.

22        On September 10, 2014, the court held an evidentiary hearing pursuant to 18 U.S.C. § 4241

23   to determine Defendant's competency to be sentenced.  Having heard and considered the testimony

24   of Dr. John Chamberlain as well as the arguments of counsel, the court finds and orders as follows:

25        1.     The court finds by a preponderance of the evidence that Defendant is presently

26               suffering from a mental disease or defect rendering him mentally incompetent to the

27               extent that he is unable to understand the nature and consequences of the proceedings

28
                                                    1

1    against him and to assist properly in his defense.

2    2.    Pursuant to 18 U.S.C. §§ 4241(d)(1) and (2), Defendant is committed to the custody

3    of the Attorney General who shall transport Defendant to a suitable medical facility

4    for treatment for such a reasonable period of time as is necessary to determine

5    whether there is substantial probability that in the foreseeable future Defendant will

6    attain the capacity to permit the sentencing proceedings to go forward.

7    3.    If, at any time, the director of the medical facility in which Defendant is hospitalized

8    determines that Defendant has recovered to such an extent that he is able to

9    understand the nature and consequences of the proceedings against him and to assist

10    properly in his defense, the director shall promptly file the certificate described in 18

11    U.S.C. § 4241(e).

12    4.    However, if, after a period of four months, the director of the facility in which

13    defendant is hospitalized determines that Defendant has not recovered to such an

14    extent that he is able to understand the nature of the consequences of the proceedings

15    against him and to assist properly in his defense, the director shall file a written status

16    statement which (1) indicates that Defendant has not so recovered, and (2) provides

17    an opinion as to whether there is a substantial probability that Defendant's condition

18    will so improve should he be hospitalized for an additional period of time.

19    5.    The court will schedule a status conference to review Defendant's condition upon

20    receipt of either the certificate or status statement described above.

21    **IT IS SO ORDERED.**

22

23    Dated: September 15, 2014

24    EDWARD J. DAVILA
    United States District Judge

25

26

27

28

2