BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

CHARLES A. O'REILLY (CABN 160980)
Trial Attorney, Tax Division
KATHERINE L. WONG (CABN 264056)
Assistant U.S. Attorney (EDVA)

450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone:        (202) 514-5762
Facsimile:        (202) 514-9623

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 05-215-2-EJD |
| Plaintiff, | UNITED STATES' MOTION REGARDING POST-SECTION 4241 PROCEEDINGS |
| v. | |
| ERIC AARON LIGHTER, | |
| Defendant | |

The United States, by and through Brian J. Stretch, Acting United States Attorney, Charles A. O'Reilly, Trial Attorney from the Department of Justice, Tax Division, and Katherine L. Wong, Assistant U.S. Attorney for the Eastern District of Virginia, respectfully moves the Court to commit Mr. Lighter to the custody of the Attorney General for placement in a suitable facility for care or treatment of

the mental disease or defect attributed to him pursuant to Title 18, United States Code Section 4244(d). Consistent with subsection (e) of Section 4244, Mr. Lighter will be held in custody for the duration of the provisional sentence imposed by the Court until such time as the facility determines that Mr. Lighter "has recovered from his mental disease or defect."

With respect to post-trial defendants awaiting sentencing, Title 18, United States Code Sections 4241 et seq. details the procedures for Courts to follow when competency issues are raised. Section 4241 provides for the procedures to be used to determine whether a defendant is suffering from a mental disease or defect rendering him mentally incompetent, and whether the defendant can be returned to competency. Section 4246 covers procedures for the civil commitment of defendants presently suffering from a mental disease or defect as a result of which their release would create substantial risks of bodily injury to another person or serious damage to property of another. Section 4244, entitled "Hospitalization of a convicted person suffering from mental disease or defect," directs Courts to impose a provisional sentence of imprisonment to the maximum term authorized by law for which the defendant was found guilty upon a finding by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment.

The course prescribed by Section 4244 is necessary given Mr. Lighter's condition, especially in light of FMC Butner's opinion that "Mr. Lighter may continue to present a risk of financial/economic harm to others due to his intact cognitive functioning; however, this risk is unrelated to his mental illness."
FMC Butner Forensic Evaluation dated November 16, 2015.

/ /

/ /

/ /

# BACKGROUND

The grand jury initially indicted Mr. Lighter's codefendant, Samuel Fung, on April 12, 2005, for aiding and assisting the preparation and presentation of false federal income tax returns for clients of National Trust Services. Mr. Lighter injected himself into this matter when he attempted to blackmail one of Mr. Fung's clients, Dr. Irwin Gootnick, through Mr. Fung. On April 12, 2007, the grand jury returned a superseding indictment charging Messrs. Fung and Lighter with various criminal charges related to this conduct. The witness tampering and blackmail charges related to the conspirators' attempt to have Dr. Gootnick withdraw his civil lawsuit against Mr. Lighter who had defrauded Dr. Gootnick. Second and Third Superseding Indictments were returned on July 31, 2008 and March 11, 2009, respectively. Mr. Fung pleaded guilty on September 14, 2011, and later testified at Mr. Lighter's trial.

On December 20, 2011, the trial jury convicted Mr. Lighter of conspiring to defraud the United States, conspiring to commit wire fraud, conspiring to commit witness tampering and blackmail, eight counts of wire fraud, and three counts each of witness tampering and blackmail, in violation of Title 18, United States Code Sections 371, 1343, 1512(b)(1) and 873. The evidence established that Mr. Lighter conspired to defraud the United States by deceitful and dishonest means, including hiding assets for his clients and making false representations to the Internal Revenue Service. The evidence further established that Mr. Lighter obtained more than one-half million dollars in wire transfers from his clients, and attempted to obtain millions of dollars in valuable real estate through false promises and fraudulent representations. When Mr. Lighter's clients attempted to withdraw from his scheme, Mr. Lighter responded by threatening them. In response to the lawsuit filed by Dr. Gootnick, Mr. Lighter conspired with his co-defendant, Mr. Fung, to commit blackmail and witness tampering.

/ /

Following Mr. Lighter's conviction, the Court ordered Mr. Lighter released subject to additional conditions, which he promptly violated by attempting to conduct a business transaction in excess of $500. Mr. Lighter's trial counsel was released from representing Mr. Lighter, and the Court appointed Mary Conn as counsel. The Court held a hearing on March 9, 2012 regarding the Government's Motion for Remand re Violation of Pretrial Release Conditions. Following the hearing, the Court found that Mr. Lighter had violated the terms of his release and remanded Mr. Lighter pending sentencing, which initially was scheduled for June 1, 2012. On Mr. Lighter's motion, the Court postponed sentencing to September 10, 2012. On May 31, 2012, the Court sentenced Mr. Lighter's codefendant to twenty-seven months imprisonment, three years supervised release, and restitution in the amount of $1,108,396.30.[1] By motion dated June 27, 2012, Ms. Conn requested that she be relieved as Mr. Lighter's counsel. The Court granted the motion by order dated July 23, 2012, and appointed Mr. Jay Rorty to represent Mr. Lighter.

For the next seventeen months, the Court postponed sentencing on motions to continue sentencing filed by Mr. Rorty. In a motion for new trial filed March 28, 2013, Mr. Rorty raised the issue of Mr. Lighter's competency. The Court denied the motion for new trial on May 16, 2013. Mr. Rorty again raised Mr. Lighter's competency in the Defendant's Sentencing Memorandum dated December 2, 2013. Following a hearing, on January 6, 2014, the Court found there was reasonable cause to believe Mr. Lighter may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against

---

[1] The Court originally ordered restitution totaling $1,710,092, but reduced that amount on the Government's Motion to Amend the Restitution Ordered to be Paid to the Internal Revenue Service (Doc. 328).

him, or to assist properly in his defense. The Court subsequently appointed Dr. John Chamberlain to evaluate Mr. Lighter.

On September 10, 2014, following an evidentiary hearing pursuant to Title 18, United States Code Section 4241 to determine whether Mr. Lighter was competent to be sentenced, the Court found that Mr. Lighter was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. As a result, the Court committed Mr. Lighter to the custody of the Attorney General to determine whether there is substantial probability that in the foreseeable future Defendant would retain competency to permit the sentencing proceedings to go forward.

FMC Butner evaluated Mr. Lighter and, on January 26, 2015, issued its psychiatric evaluation. That report opined "that Mr. Lighter is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, nor is there a substantial probability that his competency will be restored in the foreseeable future." The report found that Mr. Lighter could not be returned to competency due, at least in part, to Mr. Lighter's medical condition. The treatment required to return Mr. Lighter to competency would be injurious to Mr. Lighter due to this condition. On April 28, 2015, the Court found that Mr. Lighter was presently not competent, and directed that Mr. Lighter remain in the custody of the Attorney General pursuant to Title 18, United States Code Section 4241(d), and that he be evaluated and a report prepared addressing whether his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

On November 18, 2015, FMC Butner issued its psychiatric evaluation of Mr. Lighter pursuant to the Court's April 30, 2015 order for an evaluation for

1  dangerousness pursuant to Title 18, United States Code Section 4246. FMC Butner
2  opined that

> [Mr. Lighter's] release would not create a substantial risk of bodily injury to another person or serious damage to property of another as a result of mental disease or defect. **Mr. Lighter may continue to present a risk of financial/economic harm to others due to his intact cognitive functioning**; however, this risk is unrelated to his mental illness.

FMC Butner Forensic Evaluation dated November 18, 2015 at 5 (emphasis added).

## LEGAL ANALYSIS

Title 18, United States Code Section 4244 provides the procedures for determining whether a defendant who has been found guilty of an offense, but has not yet been sentenced, should be hospitalized for care or treatment of a mental disease or defect. Section 4244 describes such a commitment as constituting "a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty."

> [A] person charged...with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the [Government] must either institute the customary civil commitment proceeding . . .or release the defendant.

*Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Congress incorporated this holding in the statutes governing incompetency in federal criminal proceedings at Title 18, United States Code Sections 4241 to 4248. The statutory framework contemplates that the initial commitment's purpose under Section 4241 is evaluative. *United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008). The initial evaluation is to determine whether a defendant is competent, and if determined to be incompetent, to determine whether the defendant's competency can be restored by treatment (i.e. antipsychotic medication). Where a defendant cannot be restored to competency, the next step is to determine whether, due to the defendant's mental

condition, "his release would create a substantial risk of bodily injury to another person or serious damage to property of another. 18 U.S.C. § 4246.

Mr. Lighter has been determined to not be competent to assist counsel with his own defense. Following the most recent evaluation, FMC Butner has opined that Mr. Lighter's release would not create a substantial risk of bodily injury to another person or serious damage to property of another as a result of mental disease or defect. Absent a contrary finding by the Court, civil commitment of Mr. Lighter pursuant to Section 4246 would be inappropriate.

The procedures under Section 4241 of Title 18 having been exhausted, the Court should now turn to Title 18, United States Code Section 4244 which provides for provisionally sentencing defendants suffering from mental diseases or defects. The statute applies to a "defendant found guilty of an offense . . . [who] may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody or care or treatment in a suitable facility." 18 U.S.C. § 4244(a). Mr. Lighter falls squarely within the category described by Section 4244. "Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. 4244(d). "In the sentencing context, a court may, pursuant to 18 U.S.C. §4244(d), 'provisionally sentence' an incompetent defendant to 'a suitable facility' for care and treatment for "the maximum term authorized by law for the offense for which the defendant was found guilty." *United States v. Baldovinos*, 434 F.3d 233, 241 n.7 (4th Cir. 2006). The phrase "'maximum term authorized by law' refers to the statutory maximum for the charged offenses." *United States v. Mann*, 130 F.3d 1365, 1369 (9th Cir. 1997) (opinion withdrawn following defendant's return to competency by *United States v. Mann*, 138 F.3d 758 (9th Cir. 1997)); *see also United States v. Roberts*, 915 F.2d 889, 892 (7th Cir. 1990). The Court's imposition of a provisional sentence would provide the Court of Appeals with jurisdiction. *See United States v. Ewing*, 494 F.3d 607 614-15 (7th Cir. 2007).

Section 4244 helps to meet several governmental interests distinct from questions of competency, including protecting the mentally ill who might be at risk if placed in the general prison population, ensuring the safety of other inmates, and providing humanitarian treatment for mentally ill inmates. *United States v. Jensen*, 639 F.3d 802, 805-06 (8th Cir. 2011), citing *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996).

Contrary to the interpretations of some courts, Section 4244's provision for commitment is not limited to mentally ill defendants who are nevertheless competent to be sentenced. Courts have applied Section 4244 to defendants who, like Mr. Lighter, were determined to be incompetent after trial while awaiting sentencing. *See Jensen*, *supra*.; *Abou-Kassem, supra*. Were the interpretation correct that Section 4244 applies only to mentally ill, but nonetheless competent, defendants, Section 4244's provision that "the court shall proceed finally to sentencing and may modify the provisional sentence" when "the defendant has recovered from his mental disease or defect to such an extent that he is no longer in the need of custody for care or treatment in such a facility" would make no sense. *See* 18 U.S.C. §4244(e). This language makes sense only if Section 4244 covers individuals determined to be incompetent to be sentenced because a competent defendant can be sentence. In a recent case involving a similarly situated defendant who could not be restored to competency, a district court ordered the defendant committed to the custody of the Attorney General of the United States for care or treatment in a suitable facility for a provisional term pursuant to 18 U.S.C. § 4244. *United States v. Rothman*, Case No. 08-20895 (SDFL 2010).

//
//
//
//
//

## CONCLUSION

Mr. Lighter has been convicted of serious criminal conduct, but presently is incompetent to assist counsel in his defense. The procedures articulated in Sections 4244 provide that the Court should impose a provisional sentence where a defendant is not competent to proceed to sentencing, including when a defendant is not in a position to be restored to competency nor to be civilly committed. The United States therefore requests that the Court impose a provisional sentence pursuant to Title 18, United States Code Section 4244(d), and commit Mr. Lighter to the custody of the Attorney General with direction that the Attorney General hospitalize Mr. Lighter for care or treatment in a suitable facility.

Dated this 8th day of December, 2015.

>Respectfully submitted:
>BRIAN J. STRETCH
>Acting United States Attorney
>
> /s/   *Charles A. O'Reilly*
>CHARLES A. O'REILLY
>Trial Attorney, Tax Division
>
>KATHERINE L. WONG
>Assistant U.S. Attorney for the
>Eastern District of Virginia
>Attorneys for the United States