BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

CHARLES A. O'REILLY (CABN 160980)
Trial Attorney, Tax Division
KATHERINE L. WONG (CABN 264056)
Assistant U.S. Attorney (EDVA)

450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone:          (202) 514-5762
Facsimile:          (202) 514-9623

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: CR 05-215-2-EJD |
| | ) | |
| Plaintiff, | ) | UNITED STATES' REPLY TO |
| | ) | DEFENDANT'S OPPOSTION TO |
| | ) | GOVERNMENT'S MOTION |
| v. | ) | REGARDING POST-SECTION 4241 |
| | ) | PROCEEDINGS |
| ERIC AARON LIGHTER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

        The United States, by and through Brian J. Stretch, Acting United States

Attorney, Charles A. O'Reilly, Trial Attorney from the Department of Justice, Tax

Division, and Katherine L. Wong, Assistant U.S. Attorney for the Eastern District

of Virginia, respectfully replies to Defendant's Opposition to Government's Motion

*United States' Reply to Defendant's
Opposition to Government's Motion
Regarding Post-Section 4241 Proceedings*
Case No. 05-cr-215-2-EJD                          - 1 -

13440112.1

Regarding Post-Section 4241 Proceedings, and the Government's recommendation that the Court should commit Mr. Lighter to the custody of the Attorney General for placement in a suitable facility for care or treatment of the mental disease or defect attributed to him pursuant to Title 18, United States Code Section 4244(d).

Simply put, Mr. Rorty's assertion that "there are no legal grounds for Mr. Lighter's detention," (Defendant's Opposition to Government's Motion Regarding Post-Section 4241 Proceedings at 1) is incorrect. As indicated in the Government's motion, Section 4244 of Title 18 provides grounds, and as the title of the statute, "Hospitalization of a convicted person suffering from mental or disease or defect," indicates, the statute directly applies to individuals in Mr. Lighter's position.

In reaching the erroneous conclusion that no legal grounds exist for Mr. Lighter's detention, Mr. Rorty misreads Section 4244 to require the conjunctive when he quotes the statute to "permit[ ] provisional sentencing only 'for care **and** treatment.' and the treating facility makes a report only when "the defendant has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care **and** treatment in such a facility.'" Defendant's Opposition at 4 (emphasis added). As a careful reading of the statute indicates, Section 4244 authorizes provisional sentencing for "care or treatment." In other words, provisional sentencing is authorized in the disjunctive.

Mr. Lighter is subject to Section 4244. As indicated in the Government's earlier motion; to read the statute otherwise renders a nullity provisions within the statute itself. Mr. Rorty is correct that Sections 4241 and 4244 address different concerns, but contrary to Mr. Rorty's urging, the concerns are not wholly unrelated. To the contrary, the statutes provisions overlap. Section 4241 addresses the issue of determining competency and, if a defendant is determined to be incompetent, determining whether and how the defendant can be restored to competency.

*United States' Reply to Defendant's*
*Opposition to Government's Motion*
*Regarding Post-Section 4241 Proceedings*
Case No. 05-cr-215-2-EJD                    - 2 -

13440112.1

1
2
3
4
5
6

Section 4244 addresses what to do with a convicted defendant suffering from a mental disease or defect. Where the defendant is competent, Section 4244 provides for where the defendant should serve his sentence that has been imposed by the court. However, where a defendant is not competent to be sentenced, Section 4244 provides that the Court should impose a provisional sentence until such time as the defendant regains competency.

## CONCLUSION

7
8
9
10
11
12
13
14
15
16
17
18

Mr. Lighter has been convicted of serious criminal conduct, but has been determined to be presently incompetent to assist counsel in his defense. The procedures articulated in Sections 4244 provide that the Court should impose a provisional sentence where a convicted defendant is not competent to proceed to sentencing, including when a defendant is not in a position to be restored to competency nor to be civilly committed. The United States therefore requests that the Court impose a provisional sentence pursuant to Title 18, United States Code Section 4244(d), and commit Mr. Lighter to the custody of the Attorney General with direction that the Attorney General hospitalize Mr. Lighter for care or treatment in a suitable facility.

Dated this 30th day of December, 2015.

19
20
21
22
23
24
25
26
27
28

Respectfully submitted:
BRIAN J. STRETCH
Acting United States Attorney


 /s/   *Charles A. O'Reilly*
CHARLES A. O'REILLY
Trial Attorney, Tax Division

KATHERINE L. WONG
Assistant U.S. Attorney for the
Eastern District of Virginia
Attorneys for the United States

*United States' Reply to Defendant's*
*Opposition to Government's Motion*
*Regarding Post-Section 4241 Proceedings*
Case No. 05-cr-215-2-EJD                    - 3 -

13440112.1